## MIKE BOULWARE *v.* COMMISSIONER OF CORRECTION
### (AC 21166)

Schaller, Mihalakos and O'Connell, Js.

Submitted on briefs September 12—officially released November 13, 2001

*Katharine S. Goodbody*, special public defender, filed a brief for the appellant (petitioner).

*Michael Dearington*, state's attorney, and *Robert J. O'Brien* and *James Turcotte*, supervisory assistant state's attorneys, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner appeals following the denial by the habeas court of his petition for certification to appeal from the court's judgment denying his petition for a writ of habeas corpus. After a review of the record and briefs, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right and, further, has failed to sustain his burden of persuasion that the denial of certification to appeal was a clear abuse of discretion or that an injustice has been done. See *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994); *Simms* v. *Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994); *Walker* v. *Commissioner of Correction*, 38 Conn. App. 99, 100, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995); see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991). We therefore dismiss the appeal.

The habeas court's denial of the petition for a writ of habeas corpus was predicated on a factual review of the petitioner's claim that he was denied the effective assistance of counsel and a determination that the petitioner had failed to rebut the strong presumption that "counsel's conduct f[ell] within the wide range of reasonable professional assistance . . . ." *Safford* v. *Warden*, 223 Conn. 180, 193, 612 A.2d 1161 (1992). In his

petition, the petitioner alleged that his counsel (1) failed to challenge his arrest as the fruit of an unlawful and warrantless seizure, (2) advised him to plead guilty because he would be convicted by a jury, (3) incorrectly advised him that he would receive credit for the time he had been in jail prior to entering his plea and (4) incorrectly advised him in a number of ways as to the amount of time that he would have to serve in prison. Only the petitioner and his counsel testified at the habeas hearing. The habeas court also had a copy of an October 11, 1996 police report and a transcript of the petitioner's plea hearing.

The petitioner was on probation at the time that he was arrested on August 19, 1996, and October 11, 1996, resulting in charges of violation of probation, possession of narcotics, reckless endangerment in the first degree, operating a motor vehicle while his operator's license was under suspension and assault on a police officer. His counsel was able to negotiate a plea bargain whereby the petitioner would plead guilty under the *Alford* doctrine[1] in return for a total effective sentence of fifteen years, execution suspended after five and one-half years, to be served concurrently with the six year sentence that the petitioner was serving.

The habeas court found that the petitioner was not an accurate historian as to the events of his two arrests and did not credit the petitioner's claims of advice and promises that he attributed to his counsel such as his entitlement to good time credits, his eligibility for probation after serving 50 percent of his sentence and which of his sentences controlled the length of his sentence. The habeas court concluded that considering the result of the petitioner's plea bargain, the petitioner had failed to prove that his counsel's representation fell below an objective standard of reasonableness and that

---

[1] *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

the petitioner had suffered no prejudice. See *Strickland* v. *Washington*, 466 U.S. 668, 687–88, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

The court's denial of the habeas petition turned on the petitioner's credibility. "This court does not retry the case or evaluate the credibility of the witnesses." (Internal quotation marks omitted.) *State* v. *Taylor*, 23 Conn. App. 426, 429, 580 A.2d 1004 (1990). "Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude." (Internal quotation marks omitted.) *State* v. *McClam*, 44 Conn. App. 198, 208, 689 A.2d 475, cert. denied, 240 Conn. 912, 690 A.2d 400 (1997), quoting *State* v. *Mejia*, 233 Conn. 215, 224, 658 A.2d 571 (1995). "In a case that is tried to the court, such as the present case, the judge is the sole arbiter of the credibility of witnesses, and the weight to be given to their specific testimony." (Internal quotation marks omitted.) *Clarke* v. *Commissioner of Correction*, 43 Conn. App. 374, 386, 682 A.2d 618 (1996), appeal dismissed, 249 Conn. 350, 732 A.2d 754 (1999).

We conclude that the habeas court had before it sufficient evidence to find as it did and that it did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.