## BERNARD BEWRY *v.* COMMISSIONER OF CORRECTION
### (AC 22528)

Mihalakos, Flynn and Hennessy, Js.

Submitted on briefs September 16—officially released November 12, 2002

*Patrice A. Cohan,* special public defender, filed a brief for the appellant (petitioner).

*Michele C. Lukban* and *Jo Anne Sulik,* assistant state's attorneys, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Bernard Bewry, appeals following the denial by the habeas court of his petition for certification to appeal from the dismissal of his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly (1)

denied his petition for a writ of habeas corpus[1] and (2) denied his petition for certification to appeal. On the basis of our examination of the record and briefs, we conclude that the court properly denied the petition for certification to appeal. Accordingly, we dismiss the appeal.

In his third amended petition for a writ of habeas corpus, the petitioner alleged that he was denied effective assistance of counsel at trial and sentencing because his trial attorneys failed (1) to conduct a proper pretrial investigation that would support impeachment of a witness' testimony, (2) to file a motion to suppress the petitioner's confession on the ground that the confession was obtained involuntarily, (3) to have the petitioner's clothing tested for the presence or absence of gunpowder residue and (4) to proffer expert testimony regarding the ability of a rusty weapon to fire ammunition.

"In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." *White* v. *Commissioner of Correction*, 58 Conn. App. 169, 170, 752 A.2d 1159 (2000). "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted.) *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994).

---

[1] The petitioner's habeas claims stem from two separate criminal cases, which were consolidated for trial.

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Reddick* v. *Commissioner of Correction,* 51 Conn. App. 474, 477, 722 A.2d 286 (1999). "For the petitioner to prevail on his [underlying] claim of ineffective assistance of counsel, he must establish both that his counsel's performance was deficient and that there is a reasonable probability that, but for the counsel's mistakes, the result of the proceeding would have been different." *White* v. *Commissioner of Correction,* supra, 58 Conn. App. 170, citing *Strickland* v. *Washington,* 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

In the present case, following a hearing during which the petitioner was the sole witness, the court denied the petition for a writ of habeas corpus after concluding that the petitioner had failed to establish that he was prejudiced by counsels' failure to discover and to employ information that may have been used to discredit a witness' testimony or that he was prejudiced by the fact that counsel in the petitioner's first trial failed to file a motion to suppress the petitioner's statements to the police. The court also concluded that the petitioner failed to show that his counsels' failure to test his clothing for gunpowder residue was unreasonable. Finally, the court concluded that the petitioner had failed to demonstrate that counsels' failure to proffer expert testimony regarding the ability of a rusty weapon to fire ammunition was unreasonable or that he was prejudiced by counsels' failure to proffer such testimony.

After thoroughly reviewing the record and briefs, we conclude that the petitioner has failed to make a sub-

stantial showing that he has been denied a state or federal constitutional right. Furthermore, the petitioner has failed to sustain his burden of persuasion that the court's denial of his petition for certification to appeal was a clear abuse of discretion or that an injustice has been committed. See *Simms* v. *Warden*, supra, 230 Conn. 612.

The appeal is dismissed.