MAURICE T. DANIELS *v.* COMMISSIONER OF CORRECTION
(AC 22667)

Lavery, C. J., and Schaller and West, Js.

Submitted on briefs January 16—officially released February 18, 2003

*Brian D. Russell* filed a brief for the appellant (petitioner).

*Richard Blumenthal*, attorney general, and *Madeline A. Melchionne*, assistant attorney general, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Maurice T. Daniels, appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus and denying his petition for certification to appeal to this court. On appeal, the petitioner argues that the court (1) abused its discretion when it denied his petition for certification to appeal and (2) improperly dismissed his petition for

a writ of habeas corpus because it incorrectly calculated his release date. We dismiss the appeal.

The following facts, as recited by the court, are relevant to the petitioner's appeal. On or about September 10, 1989, the petitioner was arrested and charged with, inter alia, assault in the first degree. On October 26, 1989, after the victim of the assault died, the petitioner was arrested on a charge of felony murder in violation of General Statutes § 53a-54c. The new arrest was prosecuted under a different docket number. On September 20, 1990, after being convicted on the basis of a plea agreement, the petitioner was sentenced to the custody of the respondent commissioner of correction for thirty years.

On December 21, 2000, the petitioner filed an amended petition for a writ of habeas corpus. The petitioner argued to the habeas court that he had not been given all of the jail credit and good time credit to which he was entitled. The court rejected the petitioner's claims and concluded that he had failed to prove that he had been denied the credits that he claimed. Specifically, the court found, based on the evidence, that when the petitioner first came into the custody of the respondent to serve his thirty year sentence, his maximum release date was September 19, 2020. On February 27, 1991, the petitioner was credited with 329 days of jail credit and 109 days of good time credit. That was for pretrial confinement for which the petitioner was unable to post bond. After a motion for sentence modification was granted, a corrected mittimus was issued, and the petitioner was awarded forty-five days jail credit and fifteen days good time credit.

The court further found that as of November 1, 2001, the petitioner's maximum release date was December 4, 2014, and his estimated release date was March, 2011. The court found that those dates were correct and that

the petitioner had been granted all of the credits to which he was entitled under the law. Finally, the court concluded that the estimated release date was an estimate only and was subject to modification, and that it was only one factor in determining eligibility for level reduction and release to halfway house programs. The court, therefore, dismissed the petition for a writ of habeas corpus and denied the petitioner's petition for certification to appeal.

After review of the record and briefs, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right, and, further, that he has failed to sustain his burden of persuasion that the denial of certification to appeal was a clear abuse of discretion or that an injustice has been done. See *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994); *Simms* v. *Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994); *Walker* v. *Commissioner of Correction*, 38 Conn. App. 99, 100, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995); see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

The appeal is dismissed.