## MICHAEL DUFFY *v.* COMMISSIONER OF CORRECTION
## (AC 23337)

Schaller, DiPentima and McLachlan, Js.

Submitted on briefs September 19—officially released October 14, 2003

*Deborah G. Stevenson*, special public defender, filed a brief for the appellant (petitioner).

*Christopher L. Morano*, chief state's attorney, and *Ronald G. Weller* and *Jo Anne Sulik*, assistant state's attorneys, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Michael Duffy, appeals from the judgment of the habeas court denying his amended petition for a writ of habeas corpus and his petition for certification to appeal from that denial. On appeal, the petitioner claims that the court (1) abused its discretion when it denied his petition for certification to appeal and (2) improperly denied his petition for a writ of habeas corpus because it incorrectly determined that he was not denied the effective assistance of counsel. We dismiss the appeal.

The following facts are relevant to the petitioner's appeal. The petitioner entered guilty pleas under the

*Alford* doctrine[1] to arson in the first degree in violation of General Statutes § 53a-111, assault in the second degree in violation of General Statutes § 53a-60 and criminal violation of a protective order in violation of General Statutes (Rev. to 1997) § 53a-110b (a), now § 53a-223. Additional charges were nolled as part of the plea agreement. The petitioner received an effective sentence of twenty-five years imprisonment, execution suspension after fifteen years, with five years probation.

In the habeas proceeding, the petitioner claimed that his trial attorney had coerced him into pleading guilty by misrepresenting the years of imprisonment that the petitioner faced if convicted on all pending charges. The petitioner claimed that his attorney told him at one time that he faced sixty-five years imprisonment and then told him at another time that he faced 165 years imprisonment. He also claimed that his attorney told him that the plea bargain would result in a sentence of eight years imprisonment, suspended after serving four years, and that he should just answer "yes" to all of the judge's questions. All of those things, the petitioner argued, rendered the assistance of counsel constitutionally ineffective. The court rejected the petitioner's claim, concluding that his testimony was not credible and that he had failed to prove that he was denied the effective assistance of counsel.

Specifically, the court found, after hearing the conflicting testimony of both the petitioner and his counsel, that the attorney was a credible witness and that the petitioner, himself, was not credible. Additionally, after reviewing the information in connection with the two dockets in which the petitioner had entered pleas and the transcripts of the proceedings before the trial court, the habeas court concluded that the petitioner had failed to prove that his attorney "did or said anything

---

[1] *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

which was coercive and which caused the petitioner to plead guilty." The court also concluded that the petitioner had "failed to prove that his counsel's representation was deficient in any way or that he suffered any actual prejudice as a result of that representation." The court, therefore, denied the petitions for a writ of habeas corpus and for certification to appeal.

"In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . . Faced with the habeas court's denial of certification to appeal, a petitioner's first burden [however] is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citation omitted; internal quotation marks omitted.) *Bewry* v. *Commissioner of Correction*, 73 Conn. App. 547, 548, 808 A.2d 746 (2002), cert. denied, 266 Conn. 918, 837 A.2d 801 (2003). When a habeas petition turns on the court's assessment of the credibility of witnesses, we do not retry the case or evaluate the credibility of those witnesses; such matters are left to the trier of fact. See *Boulware* v. *Commissioner of Correction*, 66 Conn. App. 869, 972, 786 A.2d 456 (2001), cert. denied, 259 Conn. 913, 791 A.2d 564 (2002).

After having reviewed the record and the briefs, we conclude that the court had before it sufficient evidence to find as it did and that the court did not abuse its discretion in denying the petition for certification to appeal. The petitioner has failed to make a substantial showing that he has been denied a federal or state constitutional right. See *Daniels* v. *Commissioner of Correction*, 75 Conn. App. 196, 198, 815 A.2d 715 (2003).

Additionally, the petitioner has failed to sustain his burden of persuasion that the court's denial of his petition for certification to appeal was a clear abuse of discretion or that some type of injustice has been done. See id.; see also *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994).

The appeal is dismissed.