ARTHUR COLE *v.* COMMISSIONER OF CORRECTION
(AC 23736)

Lavery, C. J., and Flynn and Bishop, Js.

Submitted on briefs November 21—officially released December 30, 2003

*Brian D. Russell*, special public defender, filed a brief for the appellant (petitioner).

*Michael Dearington*, state's attorney, *Michele C. Lukban*, assistant state's attorney, and *Linda N. Howe*, senior assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Arthur Cole, appeals from the judgment of the habeas court dismissing his amended petition for a writ of habeas corpus and denying his petition for certification to appeal to this court. On appeal, the petitioner claims that the habeas court (1) abused its discretion when it denied his petition for certification to appeal and (2) improperly found that he was not denied the effective assistance of appellate counsel. Specifically, the petitioner contends that his appellate counsel was ineffective in failing to petition for certification to appeal to the Supreme Court follow-

ing this court's affirmance of his conviction. We dismiss the petitioner's appeal.

The following facts and procedural history are relevant to our resolution of the petitioner's appeal. The petitioner was convicted, following a jury trial, of two counts of accessory to robbery in the first degree with a firearm in violation of General Statutes §§ 53a-8 and 53a-134 (a) (4), two counts of conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-48 and 53a-134 (a) (4), and two counts of larceny in the second degree as an accessory in violation of General Statutes §§ 53a-8 and 53a-123 (a) (3). The conviction was affirmed on appeal. *State* v. *Cole*, 57 Conn. App. 559, 749 A.2d 662 (2000).

The petitioner subsequently filed a second amended petition for a writ of habeas corpus in which he alleged that his appellate attorney, Avery S. Chapman, rendered ineffective assistance of counsel in that he failed (1) to communicate and to keep the petitioner informed of the status of the appeal, (2) to discuss with the petitioner the merits of the appellate issues before writing the appellate brief, (3) to raise the issues of sufficiency of the evidence and the trial court's denial of the petitioner's motion to dismiss, and (4) to petition the Supreme Court for certification to appeal after the Appellate Court affirmed his conviction.

A hearing was held at which the petitioner and Chapman testified. At the conclusion of the hearing, the habeas court, in an oral decision, found that the petitioner had failed to prove that Chapman was deficient in any respect in the handling of the petitioner's appeal. The court subsequently issued a written memorandum of decision in which it reiterated its earlier conclusion. In its written decision, the court specifically stated that "[t]he petitioner ha[d] failed to prove that a petition for certification probably would have been granted by the

Supreme Court, and, if granted, that the Supreme Court probably would have reversed the decision of the Appellate Court." The court, therefore, dismissed the habeas petition and denied the petition for certification to appeal. The petitioner then filed the present appeal.

"In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Bewry* v. *Commissioner of Correction*, 73 Conn. App. 547, 548, 808 A.2d 746 (2002), cert. denied, 266 Conn. 918, 837 A.2d 801 (2003). "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted.) *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994).

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . For the petitioner to prevail on his [underlying] claim of ineffective assistance of counsel, he must establish both that his counsel's performance was deficient and that there is a reasonable probability that, but for the counsel's mistakes, the result of the proceeding would have been different." (Citation omitted; internal quotation marks omitted.) *Bewry* v. *Commissioner of Correction*, supra, 73 Conn. App. 549.

After reviewing the record and briefs, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right. See id., 549–50. Additionally, the petitioner has failed to sustain his burden of persuasion that the court's denial of his petition for certification to appeal was a clear abuse of discretion or that some type of injustice has been done. See id., 550; see also *Simms* v. *Warden*, supra, 230 Conn. 612.

The appeal is dismissed.