OTIS C. KNIGHT *v.* COMMISSIONER OF
CORRECTION
(AC 23733)

Lavery, C. J., and Flynn and Bishop, Js.

Submitted on briefs November 21, 2003—officially released January 20, 2004

*Katharine S. Goodbody*, special public defender, filed a brief for the appellant (petitioner).

*Michael Dearington*, state's attorney, *Julia K. Conlin*, deputy assistant state's attorney, and *Michael A. Gailor*, senior assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Otis C. Knight, appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus and denying his petition for certification to appeal to this court. On appeal, the petitioner claims that the habeas court (1) abused its discretion by failing to grant certification to appeal and (2) improperly found that he was not denied the effective assistance of counsel.[1] We dismiss the petitioner's appeal.

The following facts and procedural history are relevant to our resolution of the petitioner's appeal. On March 2, 1998, the petitioner pleaded guilty under the *Alford*[2] doctrine to robbery in the first degree in violation of General Statutes § 53a-134 (a) (3) and burglary in the first degree in violation of General Statutes § 53a-101 (a) (1). He was sentenced to a total effective term of imprisonment of thirteen years, suspended after nine

---

[1] Specifically, the petitioner claims that his trial counsel was ineffective in that he failed (1) to conduct an adequate pretrial investigation, (2) to challenge adequately the identification process and (3) to ensure that the petitioner's plea was knowing, voluntary and intelligent. Our review of the record reveals that at the habeas trial, the petitioner specifically abandoned his claims that counsel had "failed to conduct a sufficient investigation of the petitioner's case and his defenses thereto," and "failed to conduct a sufficient investigation into the petitioner's consistent claims of innocence." We therefore will not review the petitioner's challenge to counsel's pretrial investigation. See *Henry* v. *Commissioner of Correction*, 60 Conn. App. 313, 320, 759 A.2d 118 (2000) (declining to review claim not distinctly raised at trial).

[2] *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

years, and four years probation, in accordance with a plea agreement.

The petitioner subsequently filed an amended petition for a writ of habeas corpus based on a claim of ineffective assistance of counsel. Specifically, the petitioner claimed that his attorney, Martin Zeldis, was ineffective in that he (1) did not adequately advise the petitioner concerning options with regard to the guilty plea, (2) did not adequately advise the petitioner regarding options concerning potential defenses, (3) failed to challenge adequately the photographic identification procedure and eyewitness identification, (4) failed to pursue adequately his claim for exculpatory evidence, and (5) failed to ensure that the petitioner's pleas were knowing, voluntary and intelligent.[3] Following a hearing, the habeas court found that the petitioner had failed to prove any of his claims of ineffective assistance of counsel. The court stated that the petitioner had failed to prove that Zeldis' representation was deficient in any of the ways alleged in the amended petition or in any other way. The court further found that the petitioner had failed to prove actual prejudice as a result of Zeldis' representation. The court, therefore, dismissed the habeas petition and denied the petitioner's petition for certification to appeal. The petitioner then filed the present appeal.

"In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Bewry* v. *Commissioner of Correction*, 73 Conn. App. 547, 548, 808 A.2d 746 (2002),

---

[3] Several other claims of ineffective assistance of counsel were withdrawn at trial.

cert. denied, 266 Conn. 918, 837 A.2d 801 (2003). "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted.) *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994).

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . For the petitioner to prevail on his [underlying] claim of ineffective assistance of counsel, he must establish both that his counsel's performance was deficient and that there is a reasonable probability that, but for the counsel's mistakes, the result of the proceeding would have been different." (Citation omitted; internal quotation marks omitted.) *Bewry* v. *Commissioner of Correction*, supra, 73 Conn. App. 549.

After reviewing the record and briefs, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right. See id., 549–50. Additionally, the petitioner has failed to sustain his burden of persuasion that the court's denial of his petition for certification to appeal was a clear abuse of discretion or that some type of injustice has been done. See id.; see also *Simms* v. *Warden*, supra, 230 Conn. 612.

The appeal is dismissed.