ANTHONY GRAY *v.* COMMISSIONER OF CORRECTION
(AC 24086)

Schaller, Bishop and Hennessy, Js.

Argued March 26—officially released August 17, 2004

*Raymond L. Durelli*, special public defender, for the appellant (petitioner).

*Ronald G. Weller*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Linda N. Howe*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. In this habeas corpus matter, the petitioner, Anthony Gray, appeals following the denial by the habeas court of his petition for certification to appeal from its judgment denying his petition for a writ of habeas corpus. We dismiss the appeal.

The following summary of the relevant procedural facts sets the context for our disposition of the petitioner's appeal. On November 7, 2000, the petitioner pleaded guilty in three separate cases to escape in the first degree, breach of the peace and possession of narcotics with intent to sell. Pursuant to a plea agreement entered into by the petitioner and the state, the petitioner then was committed to the custody of the respondent commissioner of correction for an effective period of incarceration of five years with three years of special probation to follow. The petitioner did not seek to withdraw his guilty plea and did not file an appeal.

On October 24, 2001, the petitioner filed a three count, amended habeas petition alleging (1) that his trial counsel was ineffective in representing the petitioner before the guilty plea, (2) numerous due process claims related to the plea itself and (3) that he was not timely informed either by his trial counsel or the court clerk of the right to appeal from his conviction. In its return, the respondent denied certain of the allegations of the petition regarding the claim of ineffective assistance of counsel. Additionally, the respondent affirmatively alleged that the petitioner was in procedural default

and that he could not raise the claims alleged in the petition because he failed to raise those issues at trial or on direct appeal and had failed to allege just cause for not having done so.

Following an evidentiary hearing, the court denied the petition. The court found that the petitioner was in procedural default and, thus, could not assert those allegations in the first count of the petition relating to trial counsel's alleged failure to ensure that the guilty pleas were knowing and voluntary. The court found that the petitioner similarly was barred from raising the claims set forth in the second count of the petition. The court found, however, that the remaining allegations of the first count were before it properly for adjudication. As to the third count relating to the petitioner's right to appeal, the court found that in these circumstances, the petitioner effectively had waived his right to appeal and waived nonjurisdictional irregularities in pretrial proceedings as a result of his unconditional guilty plea.

Finally, as to the allegations of ineffectiveness in the first count that survived procedural default, the court found them lacking in merit. Accordingly, the court denied the petition. Following receipt of the court's memorandum of decision, the petitioner sought certification to appeal. After the court denied the petition for certification, the petitioner appealed, claiming that the court's denial of his petition for certification was an abuse of discretion and that the underlying issues are worthy of appellate review.

At the outset, we note our familiar jurisprudence that when a habeas court denies a petition for certification to appeal, our threshold responsibility is to determine whether the court's denial constituted an abuse of discretion. *Simms* v. *Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994). "To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the

underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Bewry* v. *Commissioner of Correction*, 73 Conn. App. 547, 549, 808 A.2d 746 (2002), cert. denied, 266 Conn. 918, 837 A.2d 801 (2003).

Our careful review of the trial record leads us to the conclusion that the court did not abuse its discretion in denying the petition for certification. As to those claims set forth in the first and second counts that the court found to be procedurally foreclosed, the court correctly determined that the petitioner had failed to allege or to prove facts that would provide a justification for not having raised those issues on direct appeal. In habeas proceedings, it has become axiomatic that a petitioner may not raise collaterally through a habeas proceeding issues that could have been raised on direct appeal. See *Bowers* v. *Commissioner of Correction*, 33 Conn. App. 449, 450–51, 636 A.2d 388, cert. denied, 228 Conn. 929, 640 A.2d 115 (1994). Here, the petitioner made no allegations in his pleading and offered no evidence to prove that he was unable to avail himself of Practice Book § 39-27 (4), which permits a defendant to seek to withdraw a guilty plea on the ground of ineffective assistance of counsel. The allegation in the petition that the petitioner did not deliberately bypass the remedy of an appeal is merely a conclusory statement. Without evidentiary support, such a statement is an inadequate shield against the application of the rule of procedural default embedded in the cause and prejudice standard applicable to habeas petitions. Cf. *Johnson* v. *Commissioner of Correction*, 218 Conn. 403, 422, 589 A.2d 1214 (1991).

Finally, as to those claims that survived procedural default, our review of the record shows that it is plain

that the court's factual determinations regarding the petitioner's credibility and the reliability of the factual underpinnings of his claims were not clearly erroneous.

The appeal is dismissed.