DARRYL MCKNIGHT *v.* COMMISSIONER OF
CORRECTION
(AC 24052)

West, DiPentima and McLachlan, Js.

Submitted on briefs June 7—officially released September 14, 2004

*Brian D. Russell*, special public defender, filed a brief for the appellant (petitioner).

*Gerard P. Eisenman*, senior assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Darryl McKnight, appeals from the judgment of the habeas court denying his amended petition for a writ of habeas corpus following the denial of his petition for certification to appeal to this court. He claims that the habeas court (1) abused its discretion when it denied his petition for certification to appeal and (2) improperly denied his amended petition for a writ of habeas corpus because it incorrectly concluded that he had effective assistance of counsel at his first habeas hearing and at the probable cause

hearing on January 22, 1987. We dismiss the petitioner's appeal.

The following facts and procedural history are relevant to the petitioner's claims on appeal. The petitioner was arrested and charged with felony murder in violation of General Statutes § 53a-54c.[1] On January 22, 1987, the trial court held a probable cause hearing pursuant to General Statutes § 54-46a. The court found probable cause, and the petitioner eventually entered a guilty plea under the *Alford* doctrine.[2] The court sentenced the defendant to a total effective sentence of twenty-five years imprisonment.

On May 31, 1989, the petitioner, represented by new counsel, filed a petition for a writ of habeas corpus. The petitioner initially claimed that (1) he had been denied the effective assistance of counsel at the probable cause hearing and (2) he involuntarily entered his guilty plea. At the habeas hearing on July 19, 1993, the petitioner, through his habeas counsel, expressly abandoned any claim that he did not make a voluntary and intelligent guilty plea. The habeas court then dismissed the petition, concluding that the petitioner's abandonment of his involuntary guilty plea claim waived his antecedent claim of ineffective assistance of counsel. After receiving certification from the habeas court pursuant to General Statutes § 52-470 (b), the petitioner appealed the dismissal of his habeas petition. This court affirmed the habeas court's decision. See *McKnight* v. *Commissioner of Correction,* 35 Conn. App. 762, 646 A.2d 305, cert. denied, 231 Conn. 936, 650 A.2d 173 (1994).

---

[1] The petitioner also was charged with two counts of assault in the first degree in violation of General Statutes § 53a-59, which he pleaded guilty to under the *Alford* doctrine. See footnote 2. This appeal does not involve those convictions.

[2] Under *North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), a criminal defendant need not admit his guilt but can consent to being punished as if he is guilty to avoid the risk of proceeding to trial.

On December 9, 1994, the petitioner filed a second petition for a writ of habeas corpus. On June 27, 2002, the petitioner amended his petition to allege ineffective assistance of counsel at his first habeas hearing. The habeas court denied the amended petition, concluding that the abandonment by the petitioner's first habeas counsel of the petitioner's claim that his guilty plea was involuntary did not satisfy the standard for ineffective assistance of counsel set out in *Strickland* v. *Washington*, 466 U.S. 688, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). On February 28, 2003, the habeas court denied the petition for certification to appeal the denial of the amended petition for a writ of habeas corpus. The petitioner then filed this appeal.

We first set forth our standard of review. "In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . . Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . For the petitioner to prevail on his [underlying] claim of ineffective assistance of counsel, he must establish both that his counsel's performance was deficient and that there is a reasonable probability that, but for the coun-

sel's mistakes, the result of the proceeding would have been different." (Citations omitted; internal quotation marks omitted.) *Knight* v. *Commissioner of Correction*, 81 Conn. App. 163, 165–66, 838 A.2d 1023, cert. denied, 268 Conn. 905, 845 A.2d 407 (2004).

After reviewing the record, briefs and particularly the habeas court's well reasoned memorandum of decision, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right. See *Bewry* v. *Commissioner of Correction*, 73 Conn. App. 547, 549–50, 808 A.2d 746 (2002), cert. denied, 266 Conn. 918, 837 A.2d 801 (2003). Additionally, the petitioner has failed to sustain his burden of persuasion that the habeas court abused its discretion by denying his petition for certification to appeal. See *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994); *Bewry* v. *Commissioner of Correction*, supra, 73 Conn. App. 549–50.

The appeal is dismissed.