SAMMY SMITH *v.* COMMISSIONER OF CORRECTION
(AC 24184)

Bishop, West and Dupont, Js.

Argued September 24—officially released November 23, 2004

*Deborah G. Stevenson,* special public defender, for the appellant (petitioner).

*Bruce R. Lockwood,* assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Linda N. Howe,* senior assistant state's attorney, for the appellee (respondent).

*Opinion*

BISHOP, J. In this habeas corpus action, the petitioner, Sammy Smith, appeals from the judgment of the habeas court denying his petition for certification to appeal from the decision dismissing his petition for a writ of habeas corpus. We, in turn, dismiss the appeal.

The record reveals the following pertinent facts. On June 15, 2001, the petitioner was arrested and charged with assault in the second degree in violation of General Statutes § 53a-60 and reckless endangerment in the second degree in violation of General Statutes § 53a-64. On November 5, 2001, pursuant to a plea agreement and in accordance with the doctrine of *North Carolina* v. *Alford,* 400 U.S. 25, 37–38, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970),[1] the petitioner pleaded guilty to assault in the second degree in violation of § 53a-60. On December 4, 2001, the petitioner was sentenced to a term of incar-

[1] Pursuant to *North Carolina* v. *Alford,* supra, 400 U.S. 37–38, a criminal defendant has the right to plead guilty to the state's charges without admitting that he committed the crimes in order to take advantage of a plea bargain, to avoid the risk of conviction and possibly a more severe sentence after a trial.

ceration of five years, execution suspended after twelve months, with three years probation to follow. The petitioner subsequently filed the underlying two count habeas petition in which he claimed that the court improperly accepted his guilty plea on November 5, 2001, and that his guilty plea was the product of the ineffective assistance of counsel.[2] Following a habeas trial, the court dismissed the habeas petition on April 9, 2003, and, thereafter, denied the petition for certification to appeal to this court. This appeal from the denial of the petition followed.[3]

---

[2] Although it appears that the court was under the impression that the petitioner's claim regarding the plea canvass was subsumed in the petitioner's assertion that his attorney had been ineffective during the plea colloquy, it appears from the petitioner's brief that he maintains that the canvass itself was flawed. We note in that regard that although the petitioner did not seek to withdraw his guilty plea, the respondent did not raise, as an affirmative response, a claim that the petitioner has failed to show cause and prejudice for having bypassed his direct appeal rights. Cf. *Johnson* v. *Commissioner of Correction*, 218 Conn. 403, 422, 589 A.2d 1214 (1991). Thus, in our review of the court's decision to deny certification, we will assess the petitioner's claim that the plea was flawed.

[3] After this case was assigned for oral argument, the petitioner's counsel sent a letter to the clerk's office, requesting that the incarcerated petitioner be entitled to be present for oral argument. Because the petitioner is, according to the record, in the custody of the respondent commissioner of correction, the petitioner's presence would have required the issuance of writ of process. At our direction, the clerk's office informed the petitioner's counsel that we did not intend to cause the issuance of a writ to the department of correction for the petitioner's presence during oral argument. Subsequently, counsel for the petitioner filed a motion for articulation relating to this court's refusal to issue a writ for the petitioner's presence. The motion for articulation was dismissed as improper. On the day of oral argument, counsel for the petitioner informed the court that she had filed an application for certification to appeal to our Supreme Court from our decision and, accordingly, counsel claimed that proceedings before this court were stayed. We disagreed with counsel's assertion on the ground that the provision for the stay of our decisions set forth in the rules of appellate procedure relating to final judgments of this court is inapplicable to our determination not to issue process for the presence of the incarcerated petitioner in court during oral argument.

We note, as well, that counsel for the petitioner has not filed a brief with the court, nor has she brought to this court's attention, either in writing or orally, any decisions from any federal or state jurisdiction that support her

When the habeas court denies a petition for certification to appeal, our threshold responsibility is to determine whether the court's denial constituted an abuse of discretion. *Simms* v. *Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994). "To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Bewry* v. *Commissioner of Correction*, 73 Conn. App. 547, 549, 808 A.2d 746 (2002), cert. denied, 266 Conn. 918, 837 A.2d 801 (2003). Our review of the record leads us to conclude that the court did not abuse its discretion in denying the petition for certification.

The petitioner first claims that the court should not have accepted his guilty plea on November 5, 2001, because there was an insufficient factual basis for a conviction of assault in the second degree. Specifically, the petitioner claims that he steadfastly denied that he utilized a deadly weapon or a dangerous instrument in

claim that an incarcerated appellant or appellee who is represented by counsel has a state or federal constitutional right to be present in court during appellate argument. To the contrary, the United States Supreme Court has consistently held that although an appellate court has the authority to command the presence of an incarcerated appellant or appellee at oral argument, whether to issue a writ for the inmate's presence is within the sound discretion of the court. Cf. *Price* v. *Johnston*, 334 U.S. 266, 278, 68 S. Ct. 1049, 92 L. Ed. 1356 (1948). In the exercise of our discretion, we are mindful that the petitioner herein was represented by counsel and that his attendance was not, therefore, necessary to effectuate his right to be heard. We are concerned as well, lest the scheduling of oral argument be perceived as an opportunity for an excursion away from confinement because "temporary relief from prison confinement is always an alluring prospect, and to the hardened criminal the possibility of escape lurks in every excursion beyond prison walls." *Price* v. *Johnston*, 159 F.2d 234, 237 (9th Cir. 1947), rev'd on other grounds, 334 U.S. 266, 68 S. Ct. 1049, 92 L. Ed. 1356 (1948). We further note that oral arguments in this court are recorded and transcripts of them may be procured.

the underlying incident and that in the presentation of facts to the court, the prosecutor did not claim that the petitioner used either a deadly weapon or a dangerous instrument. The petitioner reasons that because he had been charged under that subdivision of § 53a-60 requiring proof of the use of either a deadly weapon or a dangerous instrument, in the absence of such a claim by the state, there was not a sufficient factual basis for the court to have accepted his plea.

The record belies the petitioner's claim. At the plea hearing, the prosecutor recited the state's allegations as follows: "The allegation pending against this defendant, in the one in which he has just entered guilty pleas under the *Alford* doctrine, is that [the petitioner and the victim] had got[ten] into a significant, huge, actually, quite huge dispute. He threw a rock at her while she was trying to drive away, she lost control of the car, and had to go to a—go to the hospital for a laceration to the rear of her head, required stitches and she had in fact been hit in the head with a rock. [The petitioner] apparently believes that a rock may have been dislodged and struck her in the head during the accident. It is the state's contention that he threw the rock at her. In any event, he was behaving in such a matter so as to cause her to have this accident with this serious injury with a dangerous instrumentality." Thus, contrary to the petitioner's claim, the state maintained in its representation of the facts that the petitioner had thrown a rock at the victim's car, striking her and causing injuries to her. The petitioner's plea, accepting his involvement in the incident while denying aspects of it, was entirely within the latitude permitted by the *Alford* doctrine. The factual basis was adequate for the court's acceptance of the plea.

The petitioner next claims that his plea was the result of the ineffective assistance of counsel. He cites a failure

of counsel to pursue pretrial investigation to show that the petitioner did not throw a rock to injure the victim. The court's finding of effective assistance, however, based on the record, was correct. The petitioner did not sustain his burden of proof as to that issue.

The petitioner argues that the court abused its discretion in denying his petition for certification to appeal on the ground that his claims regarding the alleged inadequacy of his trial counsel's representation are worthy of appellate review. At the habeas proceeding, the petitioner made various assertions regarding his trial counsel's alleged ineffectiveness involving the adequacy of the pretrial investigation, failure to secure the testimony of alleged witnesses and the sufficiency of her advice regarding the petitioner's decision to plead guilty. The transcript reflects that the court carefully considered all of those claims and rejected them as not supported by the probative evidence adduced at the habeas trial. Our role is not to retry the facts. The court's conclusions all were reasonably based on the facts adduced at trial and its assessment of the credibility of the witnesses who did testify.

For the foregoing reasons, the court did not abuse its discretion in denying the petition for certification to appeal to this court.

The appeal is dismissed.

In this opinion the other judges concurred.