PERCY MEJIA *v.* COMMISSIONER OF CORRECTION
(AC 16603)

Foti, Landau and Spear, Js.

Argued January 20—officially released March 24, 1998

*David B. Rozwaski,* special public defender, for the appellant (petitioner).

*Michael E. O'Hare,* deputy assistant state's attorney, with whom, on the brief, were *James E. Thomas,* state's

attorney, and *John Dropick*, former assistant state's attorney, for the appellee (state).

*Opinion*

FOTI, J. The petitioner, Percy Mejia, appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. Following the habeas court's dismissal of his petition, the petitioner filed a request for certification to appeal to this court, which was granted. We affirm the judgment.

The petitioner claimed that he was denied effective assistance of counsel as guaranteed under the sixth amendment to the United States constitution. He alleged that his counsel did not (1) adequately prepare and present evidence in support of his defense of insulin shock, (2) adequately prepare and present mitigating evidence at the time of sentencing, and (3) make reasonable efforts to confirm and ensure that he completely understood and appreciated the plea bargain offer.[1]

The charges at the petitioner's underlying criminal trial stem from an incident in which, following an argument, he shot the victim in the back, causing his death. Following a jury trial, the petitioner was convicted of murder in violation of General Statutes § 53a-54a (a), unlawful possession of a weapon in a motor vehicle in violation of General Statutes § 29-38, carrying a pistol without a permit in violation of General Statutes § 29-35, and unlawful possession of a sawed-off shotgun in violation of General Statutes § 53a-211. The trial court imposed a total effective sentence of forty-five years.

---

[1] The petitioner also seems to argue that his counsel was ineffective in that she failed to present evidence of lack of intent on the charge of murder. This claim was not presented before the habeas court and we will not address it except to note that the record discloses that counsel intended to have the petitioner testify on his own behalf that he did not intend to shoot the victim. She later advised the petitioner not to testify after discovering that he had an extensive criminal record in California.

Our Supreme Court affirmed the petitioner's conviction on direct appeal. See *State* v. *Mejia*, 233 Conn. 215, 658 A.2d 571 (1995).

The petitioner was represented at trial by assistant public defender Susan Brown. He told her that the shooting was an accident. He also told her that he suffered from diabetes and that this condition may have contributed to his actions. After having the petitioner examined by an endocrinologist, Brown determined that the petitioner's medical condition would not provide the basis for a defense.[2] When Brown informed the petitioner that his diabetes would not constitute a defense, he sought to have her dismissed as his attorney. When his motion was denied, he stopped cooperating with her in the defense of his case. Brown then filed a motion to have the petitioner examined for competency, which was granted. The petitioner was found to be incompetent and was institutionalized for approximately three months. Following a second hearing to determine the petitioner's competency, the petitioner was found to be competent to understand the nature of the charges and to aid in his defense.

The habeas court concluded that the petitioner had failed to sustain his burden of proof on either prong of the test set forth in *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The habeas court determined that the petitioner failed to demonstrate that his counsel's representation of him was deficient or that he was prejudiced by the representation. We agree.

We see no need to engage in a lengthy analysis as to how the petitioner failed to demonstrate that Brown's

---

[2] Carl Malchoff, an endocrinologist from the University of Connecticut Health Center, concluded that neither the petitioner's diabetes nor his medications could have markedly influenced his behavior at or around the time of the killing.

performance was deficient, but rather choose to conclude that the petitioner failed to show that he suffered actual prejudice as a result of his counsel's performance.[3] At no time during the habeas hearing did the petitioner show that there was anything his trial attorney could have done to obtain a different result. The petitioner failed even to suggest what evidence could or should have been offered in support of a defense of insulin shock. Moreover, the petitioner presented no evidence during the habeas hearing to show that his diabetes or his medications were in any way a factor in the murder.

The petitioner also claimed that Brown provided him with ineffective assistance at his sentencing hearing, even though she did not represent him at that proceeding.[4] The petitioner claimed that Brown failed to provide relevant and vital information to substitute counsel in order to allow him to offer mitigating evidence at the petitioner's sentencing.

The facts relevant to this claim are as follows. After the petitioner was convicted, he stopped cooperating with Brown. A second motion for a competency examination was filed and granted. The petitioner was found to be competent. The petitioner then filed a grievance against Brown. As a result, the petitioner's case was assigned to another assistant public defender. The petitioner's new counsel, Kenneth Simon, testified that after speaking with the petitioner, he had no reservations about representing him at the sentencing hearing. Simon also testified that he had no recollection of speaking to Brown about the petitioner's case.

---

[3] " 'In order for a criminal defendant to prevail on a constitutional claim of ineffective assistance of counsel, he must establish both (1) deficient performance, and (2) actual prejudice.' " *Taft* v. *Commissioner of Correction*, 47 Conn. App. 499, 503, 703 A.2d 1184 (1998), quoting *Bunkley* v. *Commissioner of Correction*, 222 Conn. 444, 445, 610 A.2d 598 (1992).

[4] The petitioner makes no claim of ineffective assistance against the attorney who represented him at sentencing, Kenneth Simon.

We see no need to discuss whether counsel can be ineffective in a proceeding in which she did not participate as counsel. We conclude that the petitioner has failed to meet his burden of demonstrating prejudice. We may not assume prejudice based on the petitioner's bare allegation that his trial counsel failed to present unspecified information to his new counsel at sentencing.

The petitioner has failed to brief the third claim brought before the habeas court, namely, that he was denied effective assistance of counsel because his counsel did not make reasonable efforts to confirm and ensure that he completely understood and appreciated the plea bargain offer. We therefore consider that claim abandoned.[5]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] "We are not required to review issues that have been improperly presented to this court through an inadequate brief." *Connecticut National Bank* v. *Giacomi*, 242 Conn. 17, 44–45, 699 A.2d 101 (1997).