## MARK A. MASON *v.* COMMISSIONER OF CORRECTION
### (AC 22943)

Lavery, C. J., and Bishop and Hennessy, Js.

Submitted on briefs September 19—officially released November 4, 2003

*Alan E. Dillon,* special public defender, filed a brief for the appellant (petitioner).

*Paul E. Murray,* state's attorney, *David M. Kutzner,* assistant state's attorney, and *Julia K. Conlin,* deputy assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Mark A. Mason, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus and his petition for certification to appeal to this court. On appeal, the petitioner argues that the court (1) abused its discretion when it denied his petition for certification to appeal and (2) improperly denied his second amended petition for a writ of habeas corpus because the court incorrectly determined that he was not denied the effective assistance of counsel. We dismiss the appeal.

The following facts, as found by the court, are relevant to our disposition of the petitioner's appeal. After being arrested and charged with a multitude of offenses, the petitioner entered a plea of guilty to several of those

offenses on August 18, 1990, and his case was continued to October 18, 1990, for sentencing. The petitioner's attorney had negotiated a plea bargain with the prosecutor on the counts to which the petitioner had pleaded guilty. That plea bargain was to result in a sentence of ten years imprisonment, execution suspended after six years. During the late night hours of October 16, 1990, and into the early morning hours of October 17, 1990, while out on bond awaiting sentencing, the petitioner was arrested and incarcerated in Massachusetts. He failed to appear for his Connecticut sentencing on October 18, 1990, and the record is devoid of any evidence that he attempted to contact his attorney or the court regarding his inability to appear for sentencing. The petitioner's sentencing date was continued to November 26, 1990, to allow the petitioner's attorney the opportunity to locate his client. The petitioner's attorney subsequently withdrew from the case because the petitioner failed to pay him for his services.

On February 22, 1991, the petitioner was released from the Norfolk County House of Correction in Massachusetts to the custody of the state of Rhode Island. On June 6, 2001, he was extradited from Rhode Island to Connecticut. The court appointed Ramon Canning as the petitioner's public defender on the still pending charges. In addition to the charges previously discussed, the state added a charge of failure to appear stemming from the petitioner's absence from the November 26, 1990 sentencing hearing, and the plea agreement was also withdrawn. The potential maximum exposure that the petitioner faced on all counts was approximately 200 years. Canning, however, was able to negotiate another plea agreement with the state, which required that the petitioner plead guilty to one count of burglary in the third degree in violation of General Statutes § 53a-103 and one count of failure to appear in the first degree in violation of General Statutes

§ 53a-172. On September 30, 1991, in accordance with the plea agreement, the petitioner was sentenced to serve five years imprisonment on the burglary count and two years, consecutively, on the failure to appear count, for a total effective sentence of seven years.

On April 5, 2001, the petitioner filed a second amended petition for a writ of habeas corpus, claiming that Canning was ineffective because he allowed the petitioner to plead guilty to a charge of failure to appear when the petitioner had not committed that crime.[1] The petitioner argued that his failure to appear in Connecticut could not have been wilful because he was incarcerated in Massachusetts. The petitioner further argued that had his trial counsel explained to him that his failure to appear had to be intentional or wilful, he would have proceeded to trial rather than accept the plea agreement. The court rejected the petitioner's claim, concluding that his testimony was not credible and that he had failed to prove that he was denied the effective assistance of counsel.

Specifically, the court found, on the basis of the credible testimony of Canning,[2] that when the petitioner was

[1] In 1994, the petitioner filed his first habeas petition, challenging the failure to appear conviction. A special public defender, David A. Dee, was appointed for that matter. That petition, however, was withdrawn on September 16, 1994, signed by both Dee and the petitioner. Dee then filed a motion to withdraw with prejudice, indicating that such withdrawal was necessary for the records of the public defender's office. The court granted that motion on November 7, 1994. Dee, however, had not discussed the filing of the motion to withdraw with prejudice with the petitioner. In his second amended petition, the petitioner also argued that Dee had rendered ineffective assistance of counsel by filing a motion to withdraw with prejudice. The court held, however, that "prior habeas counsel could not have rendered ineffective assistance of counsel in a matter in which [the petitioner] has failed to show that the claim in the prior habeas had any merit." That finding is not challenged on appeal.

[2] At the habeas trial, Canning testified that he had read a statement in the prosecutor's file in which a witness overheard the defendant remark that he "was due in court on the eighteenth [of October] for sentencing, and he wanted to go to Canada to avoid that sentence." He further testified that the petitioner had indicated to Canning that he did make that statement.

arrested in Massachusetts, he was on his way to Canada to avoid sentencing on the pending Connecticut charges. The court also found that he intentionally embarked on a course of conduct, two days before he originally was to be sentenced in Connecticut, that resulted in his incarceration and prevented him from receiving notice of the rescheduled sentencing date. The court further found that the representation by Canning "was very effective," concluding that Canning, "in counseling [the petitioner] to plead guilty to a charge of failure to appear, a charge for which there was a factual basis, rendered effective assistance of counsel." On the basis of those findings, the court denied the petitioner's petition for a writ of habeas corpus and his petition for certification to appeal.

"In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . . Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to

Canning concluded that the statement supported the inference that the petitioner had attempted to flee Connecticut's jurisdiction. As such, Canning did not advise him that he had a defense to the charge of failure to appear on the ground that his failure to appear was not wilful.

deserve encouragement to proceed further." (Citations omitted; internal quotation marks omitted.) *Bewry* v. *Commissioner of Correction*, 73 Conn. App. 547, 548–49, 808 A.2d 746 (2002), cert. denied, 266 Conn. 918, 837 A.2d 801 (2003).

"For the petitioner to prevail on his [underlying] claim of ineffective assistance of counsel, he must establish both that his counsel's performance was deficient and that there is a reasonable probability that, but for the counsel's mistakes, the result of the proceeding would have been different." *White* v. *Commissioner of Correction*, 58 Conn. App. 169, 170, 752 A.2d 1159 (2000), citing *Strickland* v. *Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

After reviewing the record and the briefs, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right. See *Bewry* v. *Commissioner of Correction*, supra, 73 Conn. App. 549–50; see *Daniels* v. *Commissioner of Correction*, 75 Conn. App. 196, 198, 815 A.2d 715 (2003). He also has failed to sustain his burden of persuasion that the court's denial of his petition for certification to appeal was a clear abuse of discretion or that an injustice has been committed. See *Bewry* v. *Commissioner of Correction*, supra, 550; see also *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994).

The appeal is dismissed.