# PERCY MEJIA *v.* COMMISSIONER OF CORRECTION
## (AC 25304)

Schaller, Flynn and West, Js.*

---

* The listing of judges reflects their status on this court as of the date of oral argument.

Argued January 12—officially released October 24, 2006

*Mary Boehlert*, special public defender, for the appellant (petitioner).

*Margaret Gaffney Radionovas*, senior assistant state's attorney, with whom, on the brief, were *Christopher L. Morano*, chief state's attorney, and *James A. Killen* and *Angela R. Macchiarulo*, senior assistant state's attorneys, for the appellee (respondent).

*Opinion*

SCHALLER, J. The petitioner, Percy Mejia, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court (1) abused its discretion by denying his petition for certification to appeal and (2) improperly dismissed his claims that his previous attorneys had provided him with ineffective assistance of counsel. We reverse in part the judgment of the habeas court.

The following facts and procedural history are relevant to our discussion of the petitioner's appeal. The petitioner was convicted of murder in violation of General Statutes § 53a-54a, unlawful possession of a weapon in a motor vehicle in violation of General Statutes § 29-38, carrying a pistol without a permit in violation of General Statutes § 29-35 and unlawful possession of a sawed-off shotgun in violation of General Statutes § 53a-211.[1] The court sentenced the petitioner to a total effective term of forty-five years incarceration. During the petitioner's criminal trial, he was represented by attorney Susan Brown and at sentencing by attorney Kenneth Simon.[2]

Our Supreme Court affirmed the petitioner's conviction on direct appeal. See State v. Mejia, 233 Conn. 215, 658 A.2d 571 (1995). Attorney Neal Cone represented the petitioner in that appeal. The court declined to discuss the substantive merits of one of the claims raised on appeal due to inadequate briefing. Id., 223 n.13.

The petitioner filed his first habeas petition on September 11, 1996. In that petition, he alleged that Brown had provided ineffective assistance of counsel by failing to prepare and to present adequate evidence in support of his insulin shock defense and that Simon had provided ineffective assistance by failing to articulate mitigating circumstances at the time of sentencing. He further alleged that Brown failed to ensure that he understood completely the plea bargain offered by the state. According to the petition, but for these defects

---

[1] The factual basis underlying the petitioner's conviction is set forth in State v. Mejia, 233 Conn. 215, 219–22, 658 A.2d 571 (1995). We noted that the charges against the petitioner stemmed from "an incident in which, following an argument, [the petitioner] shot the victim in the back, causing his death." Mejia v. Commissioner of Correction, 48 Conn. App. 230, 231, 716 A.2d 894, cert. denied, 245 Conn. 902, 719 A.2d 1163 (1998).

[2] The petitioner became dissatisfied with Brown's representation and subsequently filed a grievance against her. These events led to Simon's representing the petitioner at the time of sentencing.

in representation, there was a reasonable probability that the outcome could have been different.

The habeas court denied the petition for a writ of habeas corpus. *Mejia* v. *Barbieri*, Superior Court, judicial district of New Haven, Docket No. CV-94-0356313-S (September 13, 1996), aff'd, 48 Conn. App. 230, 716 A.2d 894, cert. denied, 245 Conn. 902, 719 A.2d 1163 (1998). At the habeas trial, the petitioner, Brown and Simon testified. The court found that the petitioner failed to prove either prong of the *Strickland* test for ineffective assistance of counsel.[3] Specifically, the court determined that the petitioner failed to prove that his counsel's representation was deficient or that he was prejudiced as a result of the representation. Furthermore, the habeas court specifically found that the peti-

---

[3] "In *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States Supreme Court enunciated the two requirements that must be met before a petitioner is entitled to reversal of a conviction due to ineffective assistance of counsel. First, the [petitioner] must show that counsel's performance was deficient. . . . Second, the [petitioner] must show that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversarial process that renders the result unreliable. . . .

"The first part of the *Strickland* analysis requires the petitioner to establish that . . . counsel's representation fell below an objective standard of reasonableness considering all of the circumstances. . . . [A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. . . . The right to counsel is not the right to perfect representation. . . .

"Turning to the prejudice component of the *Strickland* test, [i]t is not enough for the [petitioner] to show that the errors [made by counsel] had some conceivable effect on the outcome of the proceeding. . . . Rather, [the petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . When a [petitioner] challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." (Citations omitted; internal quotation marks omitted.) *Servello* v. *Commissioner of Correction*, 95 Conn. App. 753, 757–58, 899 A.2d 636 (2006).

tioner had received the effective assistance of counsel at his sentencing hearing.

The petitioner appealed from the judgment of the habeas court. We affirmed the denial of the petition for a writ of habeas corpus. See *Mejia* v. *Commissioner of Correction*, 48 Conn. App. 230, 716 A.2d 894, cert. denied, 245 Conn. 902, 719 A.2d 1163 (1998). We concluded that the petitioner "failed to show that he suffered actual prejudice as a result of his counsel's performance." Id., 233. During both the habeas trial and the habeas appeal, the petitioner was represented by attorney David B. Rozwaski.

On January 15, 1997, the petitioner filed a second habeas petition. At that time, attorney Patrice Cohan represented the petitioner. The respondent, the commissioner of correction, moved to dismiss the second habeas petition on the grounds that it was a successive petition and an abuse of the writ. On May 12, 1999, the petitioner withdrew his second petition.[4] The court thoroughly canvassed the petitioner, who agreed that the claims in the second petition were "basically" the same as those set forth in the first petition. The court accepted the withdrawal of the second habeas petition with prejudice.

On November 29, 2001, the petitioner, this time acting pro se, filed a third habeas petition.[5] On April 29, 2002, the respondent moved to dismiss the third petition on the basis of Practice Book § 23-29 (3)[6] and the doctrines

[4] The parties stipulated that the second habeas petition had been withdrawn on May 12, 1999. The clerk's office subsequently destroyed that file.

[5] Attorney Shawn Council subsequently was appointed to represent the petitioner for his third habeas petition.

[6] Practice Book § 23-29 provides in relevant part: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . . (3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or proffer new evidence not reasonably available at the time of the prior petition . . . ."

of res judicata and collateral estoppel. Specifically, the respondent claimed that "the petitioner has abused the writ by raising, seriatim, claims of ineffective assistance of trial counsel, changing only the factual basis, when the instant claims could have been raised in the prior petition."

The third habeas petition, as amended on November 12, 2003, set forth claims against Brown, the petitioner's trial counsel; Simon, his sentencing counsel; unnamed appellate counsel; Rozwaski, his first habeas counsel; and Cohan, his second habeas counsel. The respondent answered the petitioner's amended petition and claimed that the second, third and fourth counts should be dismissed as a result of the withdrawal of the second habeas petition.

After hearing oral argument, the court issued a written memorandum of decision dismissing all of the petitioner's claims. With respect to the claims against Brown and Simon, the court concluded that these either were, or could have been, raised in his prior petitions and therefore constituted an abuse of the writ. Regarding the claims made against the other attorneys who had represented the petitioner at various proceedings, the court determined that the failure to establish that Brown and Simon were ineffective foreclosed the claims against subsequent counsel. On March 8, 2004, the court denied the petition for certification to appeal from the dismissal of the petition for a writ of habeas corpus. This appeal followed. Additional facts will be set forth as necessary.

As a preliminary matter, we identify the standard of review applicable to our discussion. "Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme

Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . .

"We examine the petitioner's underlying claim of ineffective assistance of counsel in order to determine whether the habeas court abused its discretion in denying the petition for certification to appeal. Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *State* v. *Dixson*, 93 Conn. App. 171, 183–84, 888 A.2d 1088, cert. denied, 277 Conn. 917, 895 A.2d 790 (2006); see also *Tyson* v. *Commissioner of Correction*, 261 Conn. 806, 816, 808 A.2d 653 (2002), cert. denied sub nom. *Tyson* v. *Armstrong*, 538 U.S. 1005, 123 S. Ct. 1914, 155 L. Ed. 2d 836 (2003); *Mason* v. *Commissioner of Correction*, 80 Conn. App. 142, 145–46, 832 A.2d 1216 (2003), cert. denied, 267 Conn. 910, 840 A.2d 1172 (2004). We now turn to the specific claims of the petitioner.

## I

The petitioner first claims that the court improperly dismissed his claim of ineffective assistance of counsel directed at his trial counsel, Brown, and his sentencing counsel, Simon. The habeas court concluded that the petitioner's claims relating to the insulin shock defense had been litigated previously and constituted an abuse of the writ and were res judicata. The court further determined that with respect to the noninsulin shock claims of ineffective assistance against Brown and Simon, the petitioner failed to meet the cause and prejudice test as a threshold to review of these claims. We conclude that the habeas court properly dismissed the claims against Brown and Simon because these claims were based on the same legal ground as the initial petition.

The following additional facts are necessary to our discussion. In the first petition for a writ of habeas corpus, the petitioner alleged that he had a long history of substance abuse and a severe diabetic condition. According to the petitioner, he was suffering from insulin shock on the day that the victim had been shot. Furthermore, he claimed that, due to his medication, he had been unable to "appreciate and/or understand" the trial proceeding, including a plea bargain offer from the state. The petitioner alleged that Brown had been ineffective by failing to prepare adequately and to present evidence in support of his insulin shock defense during the course of his trial and by failing to make reasonable efforts to ensure that he fully and completely understood the plea bargain offer. The petitioner also alleged that Simon was unaware of his personal and medical history and that no evidence of mitigation was presented on his behalf at sentencing.

In the 1996 decision, the habeas court, *Sullivan, J.,* specifically stated: "After hearing the evidence, the

court finds that the petitioner was adequately and effectively represented at his sentencing hearing." *Mejia* v. *Barbieri*, supra, Superior Court, Docket No. CV-94-0356313-S. The court further determined that the petitioner had failed to carry his burden of proof regarding either of the *Strickland* prongs and denied the petition for a writ of habeas corpus. Id.

In the present habeas petition, the petitioner made several allegations with respect to his claim of ineffective assistance of counsel against Brown. Specifically, he claimed, inter alia, that Brown failed (1) to investigate and to proffer evidence to impeach all of the prosecution's witnesses, (2) to object to the prosecution's failure to disclose expert witnesses, (3) to retain expert witnesses for the petitioner's defense, (4) to investigate the factual basis concerning the petitioner's version of the shooting, (5) to file a motion in limine to limit the introduction into evidence of the petitioner's statement to the police, (6) to request a proper jury instruction, (7) to file a supplemental discovery request, (8) to object to the jury instruction or to seek a curative instruction, and (9) to investigate the law and to prepare the petitioner's defense in an adequate manner. With respect to Simon, the petitioner claimed that he (1) met only briefly with the petitioner, (2) was unfamiliar with the facts of the case and (3) failed to articulate mitigating circumstances at the time of sentencing.

Our Supreme Court has stated that "[i]n our case law, we have recognized only one situation in which a court is not legally required to hear a habeas petition. In *Negron* v. *Warden*, [180 Conn. 153, 158, 429 A.2d 841 (1980)], we observed that, pursuant to Practice Book § 531 [now § 23-29], [i]f a previous application brought on the same grounds was denied, the pending application may be dismissed without hearing, unless it states

new facts *or* proffers new evidence not reasonably available at the previous hearing. We emphasized the narrowness of our construction of Practice Book § 531 by holding that dismissal of a second habeas petition without an evidentiary hearing is improper if the petitioner either raises new claims or offers new facts or evidence. . . . *Negron* therefore strengthens the presumption that, absent an explicit exception, an evidentiary hearing is always required before a habeas petition may be dismissed." (Citation omitted; emphasis in original; internal quotation marks omitted.) *Mercer* v. *Commissioner of Correction*, 230 Conn. 88, 93, 644 A.2d 340 (1994).

We recently explained that "Practice Book § 23-29 provides in relevant part: The judicial authority may, at any time, upon its motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . . (3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or proffer new evidence not reasonably available at the time of the prior petition . . . . In this context, a ground has been defined as sufficient legal basis for granting the relief sought. . . .

"[A] petitioner may bring successive petitions on the same legal grounds if the petitions seek different relief. . . . But where successive petitions are premised on the same legal grounds and seek the same relief, the second petition will not survive a motion to dismiss unless the petition is supported by allegations and facts not reasonably available to the petitioner at the time of the original petition." (Citations omitted; internal quotation marks omitted.) *McClendon* v. *Commissioner of Correction*, 93 Conn. App. 228, 231, 888 A.2d 183, cert. denied, 277 Conn. 917, 895 A.2d 789 (2006).

"Identical grounds may be proven by different factual allegations, supported by different legal arguments or

articulated in different language." *James L.* v. *Commissioner of Correction*, 245 Conn. 132, 141, 712 A.2d 947 (1998). Simply put, "[a]*n applicant must . . . show that his application does, indeed, involve a different legal ground, not merely a verbal reformulation of the same ground.*" (Emphasis added.) *Iasiello* v. *Manson*, 12 Conn. App. 268, 272, 530 A.2d 1075, cert. denied, 205 Conn. 811, 532 A.2d 586 (1987).

In the present case, the allegations contained in the third habeas petition claiming ineffective assistance by both Brown and Simon constituted the same legal ground as those found in the first habeas petition and simply were expressed in different language. The two petitions present the same ground for the purpose of Practice Book § 23-29 (3). Furthermore, the petitioner did not accept the habeas court's invitation to make an offer of proof of new evidence of facts that would differentiate the third habeas petition from the first. In short, the allegations found in the third habeas petition are "merely a verbal reformulation of previously rejected claims." *Negron* v. *Warden*, supra, 180 Conn. 161.

The petitioner's contention that the claims raised in the third habeas petition constituted a different legal ground from those raised in the first habeas petition is without merit; both petitions presented a claim of ineffective assistance of counsel and sought the same relief. As such, this issue is nondebatable among jurists of reason, unresolvable in a manner different from that in which it had been resolved and inadequate to deserve encouragement to proceed further. See *Vines* v. *Commissioner of Correction*, 94 Conn. App. 288, 294, 892 A.2d 312, cert. denied, 278 Conn. 922, 901 A.2d 1222 (2006). In short, the petitioner has failed to demonstrate that the habeas court abused its discretion in denying certification to appeal as to this claim of ineffective assistance of counsel.

## II

The petitioner next claims that the court improperly dismissed his claim of ineffective assistance of counsel directed at his first habeas counsel, Rozwaski. With respect to this claim, we conclude that the court abused its discretion by denying the petition for certification to appeal from the judgment denying the petition for a writ of habeas corpus. We agree with the parties that the petitioner was entitled to an evidentiary hearing with respect to his claim against Rozwaski.

The following additional facts are necessary for our discussion. Count four[7] of the third petition claimed, inter alia, that Rozwaski failed (1) to call an expert medical witness to support the petitioner's claim related to his diabetic condition, (2) to raise a claim that the petitioner was prejudiced at his criminal trial because he had been shackled at the defense table, (3) to claim that the petitioner had been denied a jury of his peers, (4) to raise the issue of prejudice in light of pretrial publicity and (5) to argue that the petitioner had been forced to take medication for the sole purpose of making him competent to stand trial.

The habeas court concluded that because the claims against Brown and Simon were foreclosed, the petitioner was unable to show prejudice even if Rozwaski or the second habeas counsel, Cohan, had been ineffective. The court explained: "Stated another way, the petitioner fails to state a claim against Rozwaski and Cohan for which relief can be granted because he simply is unable to ultimately prove that his trial counsel were ineffective."

---

[7] In the operative pleading, the petitioner designated his claim against Rozwaski as count three. Both of the prior counts, however, had been denominated as count two. We therefore refer to the count against Rozwaski as count four.

On appeal, the respondent concedes that the petitioner is entitled to proceed with an evidentiary hearing with respect to his claim of ineffective assistance of counsel against Rozwaski. In *Lozada* v. *Warden*, 223 Conn. 834, 835, 613 A.2d 818 (1992), the sole issue before our Supreme Court was whether a petitioner was entitled to seek a writ of habeas corpus on the ground that his attorney in a prior habeas proceeding had rendered ineffective assistance of counsel. The court first determined that a petitioner is entitled to competent habeas counsel. Id., 838–39. The court then stated: "To succeed in his bid for a writ of habeas corpus, the petitioner must prove both (1) that his appointed habeas counsel was ineffective, and (2) that his trial counsel was ineffective. . . . Only if the petitioner succeeds in what he admits is a herculean task will he receive a new trial. This new trial would go to the heart of the underlying conviction to no lesser extent than if it were a challenge predicated on ineffective assistance of trial or appellate counsel. The second habeas petition is inextricably interwoven with the merits of the original judgment by challenging the very fabric of the conviction that led to the confinement." (Citations omitted.) Id., 842–43. Finally, the court concluded that the claim against prior habeas counsel constituted a new ground or legal basis for the relief sought compared to the initial habeas claim against trial counsel. Id., 844–45.

We share the view of both the petitioner and the respondent that *Lozada* controls the resolution of the claim against Rozwaski and that the petitioner must be afforded an evidentiary hearing. We note that our Supreme Court has instructed that "[b]oth statute and case law evince a strong presumption that a petitioner for a writ of habeas corpus is entitled to present evidence in support of his claims." *Mercer* v. *Commissioner of Correction*, supra, 230 Conn. 93. We conclude,

therefore, that the petitioner is entitled to an evidentiary hearing with respect to the claim against Rozwaski.

### III

The petitioner next claims that the court improperly dismissed his claim of ineffective assistance of counsel directed at his attorney on direct appeal, Cone. With respect to this claim, we conclude that the court abused its discretion by denying the petition for certification to appeal from the judgment denying the petition for a writ of habeas corpus. We also conclude that the petitioner was entitled to an evidentiary hearing with respect to his claim against Cone.

The following additional facts are necessary for our resolution of the petitioner's claim. Count three of the third habeas petition was directed at unspecified "appellate counsel." The petition alleged that this unnamed counsel failed to brief adequately an appellate legal issue. In its memorandum of decision, the habeas court noted that it was unclear whether this count was directed at either Cone or Rozwaski, appellate habeas counsel. The court "presumed" that the count was directed at Rozwaski and determined that the petitioner had not directed any claim of ineffective assistance of counsel at Cone. The court ultimately concluded that because the petitioner had failed to make a claim against both of his appellate attorneys, he had failed to state a claim upon which relief could be granted even if the court assumed that all of the attorneys mentioned in the petition had been ineffective.

We disagree with the habeas court that count three of the petition was directed against Rozwaski in his capacity as counsel on the habeas appeal. We reach this conclusion on the basis of our review of the operative pleading, namely, the petition.[8] "[T]he modern trend,

---

[8] A petition for a writ of habeas corpus is essentially a pleading. See *Lebron* v. *Commissioner of Correction*, 274 Conn. 507, 519, 876 A.2d 1178 (2005).

which is followed in Connecticut, is to construe plead-
ings broadly and realistically, rather than narrowly and
technically. . . . [T]he [petition] must be read in its
entirety in such a way as to give effect to the pleading
with reference to the general theory upon which it pro-
ceeded, and do substantial justice between the parties.
. . . Our reading of pleadings in a manner that
advances substantial justice means that a pleading must
be construed reasonably, to contain all that it fairly
means, but carries with it the related proposition that
it must not be contorted in such a way so as to strain the
bounds of rational comprehension." (Internal quotation
marks omitted.) *Lebron* v. *Commissioner of Correc-
tion*, 274 Conn. 507, 519–20, 876 A.2d 1178 (2005). It is
well established that the interpretation of the pleadings
presents a question of law, subject to plenary review
by an appellate court. See *Carpenter* v. *Commissioner
of Correction*, 274 Conn. 834, 842, 878 A.2d 1088 (2005);
see also *Benedetto* v. *Wanat*, 79 Conn. App. 139, 148,
829 A.2d 901 (2003). After reading the petitioner's claim
in the context of the entire petition, we conclude that
the claim of ineffective assistance of counsel set forth
in the third count was made against the petitioner's
attorney on his direct criminal appeal, Cone. We further
note that both parties have proceeded in this appeal
under the theory that count three was directed against
Cone rather than Rozwaski.

The respondent concedes that the petitioner was not
required to show that all his previous appellate counsel
had been ineffective in order to obtain relief. The
respondent argues, however, as an alternate ground for
affirming the dismissal of the claim against Cone, that
we should adopt the rule set forth in *McCleskey* v. *Zant*,
499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).
In *McCleskey*, the United States Supreme Court held
that the ability to raise a claim in a federal habeas
proceeding that could have been brought in a prior

federal habeas proceeding is subject to the cause and prejudice analysis. "When a prisoner files a second or subsequent application, the government bears the burden of pleading abuse of the writ. The government satisfies this burden if, with clarity and particularity, it notes [the] petitioner's prior writ history, identifies the claims that appear for the first time, and alleges that [the] petitioner has abused the writ. The burden to disprove abuse then becomes [the] petitioner's. To excuse his failure to raise the claim earlier, he must show cause for failing to raise it and prejudice therefrom as those concepts have been defined in our procedural default decisions. The petitioner's opportunity to meet the burden of cause and prejudice will not include an evidentiary hearing if the district court determines as a matter of law that [the] petitioner cannot satisfy the standard. If [the] petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonetheless be excused if he or she can show that a fundamental miscarriage of justice would result from a failure to entertain the claim." Id., 494–95.

The respondent contends that we should apply *McCleskey* to state habeas proceedings and conclude that the petitioner could have raised a claim of ineffective assistance by his criminal appellate counsel, Cone, in the first habeas petition. The respondent further argues that the petitioner abused the writ by raising this claim for the first time in his third habeas petition.

Neither our Supreme Court nor this court has adopted the rule set forth in *McCleskey* for state habeas proceedings. Even if we were to assume arguendo that *McCleskey* applied to our state habeas proceedings, the respondent in the present case failed to comply with the explicit requirement of pleading abuse of the writ. "When a prisoner files a second or subsequent application, *the government bears the burden of pleading abuse of the writ.*" (Emphasis added.) Id., 494. In the

present case, the respondent failed to plead an abuse of the writ with respect to the claim against Cone.

Additionally, our rules of practice place this burden on the respondent. Practice Book § 23-30 (b) provides that "[t]he return shall respond to the allegations of the petition and shall allege any facts in support of any claim of procedural default, abuse of the writ, or any other claim that the petitioner is not entitled to relief." We applied this rule in *Milner* v. *Commissioner of Correction*, 63 Conn. App. 726, 779 A.2d 156 (2001). In *Milner*, the petitioner raised a constitutional claim that he had not raised on direct appeal. Id., 731. The respondent failed to raise this procedural default as a defense. Id. "We . . . are persuaded that in Connecticut, although the petitioner has the burden of proving cause and prejudice . . . that burden does not arise until after the respondent raises the claim of procedural default in its return. Accordingly, we conclude that the habeas court properly concluded that the petitioner was not required to prove cause and prejudice because the state had failed to plead the defense of procedural default in its return as mandated by Practice Book § 23-30 (b)." (Citation omitted.) *Milner* v. *Commissioner of Correction*, supra, 734.

Even if the holding of *McCleskey* applied to the present case, the respondent's failure to plead a procedural default relieved the petitioner of any obligation to establish cause and prejudice with respect to his claim of ineffective assistance of his criminal appellate counsel. Furthermore, we determine that the court abused its discretion by denying the petition for certification to appeal from the judgment denying the petition for a writ of habeas corpus. The petitioner successfully has demonstrated that the resolution of this claim involves issues debatable among reasonable jurists, that a court could resolve the issue in a different manner and that

it presents a question adequate to deserve encouragement to proceed further. Accordingly, the petitioner is entitled to an evidentiary hearing with respect to the claim against Cone.

## IV

The petitioner next claims that the court improperly dismissed his claim of ineffective assistance of counsel directed at his second habeas counsel, Cohan. Specifically, the petitioner argues that Cohan should not have advised him to withdraw the second habeas petition. The respondent argues that this claim was dismissed properly because it failed to state a claim on which relief could be granted. We agree with the respondent.

Prior to oral argument regarding the respondent's motion to dismiss the second habeas petition, Cohan represented the following to the court: "[The petitioner]—after consultation . . . has decided it is really in his best interest to withdraw this habeas. He was unaware, appropriately so, of the legal doctrines of res judicata, collateral estoppel, [and] once we had the dialogue, [the petitioner] decided he already litigated this issue, that he did not want to continue and he would like the opportunity to withdraw this petition." The court then canvassed the petitioner, who indicated his desire to withdraw the petition. The petitioner agreed that the second habeas petition was "pretty well the same as the [first habeas petition]." Additionally, on February 4, 2004, the present habeas court stated that on the basis of its review of the prior proceedings, both Cohan and the petitioner had conceded that the second habeas petition was "based primarily on the same grounds as the first [habeas petition] . . . ."

On the basis of the record before us, it is undisputed that the claims alleged in the second habeas petition repeated those set forth in the first habeas petition. As we concluded in part I, such repetitive allegations of

ineffective assistance of counsel by Brown and Simon are subject to dismissal under our case law and Practice Book § 23-29. We conclude, therefore, that even if Cohan had been ineffective, the petitioner cannot show any prejudice. Accordingly, the habeas court properly dismissed the claim against Cohan because it failed to state a claim on which relief could be granted.

The judgment is reversed with respect to the petitioner's claims of ineffective assistance of counsel against his first habeas counsel and his counsel on direct appeal and the case is remanded for further proceedings in accordance with this opinion. The appeal is dismissed with respect to the remaining claims.

In this opinion the other judges concurred.