PERCY MEJIA *v.* COMMISSIONER OF CORRECTION
(AC 29234)

Lavine, Beach and Stoughton, Js.

Argued November 21, 2008—officially released January 13, 2009

*Sarah F. Summons*, special public defender, for the appellant (petitioner).

*Robin S. Schwartz*, assistant state's attorney, with whom, on the brief, was *Angela R. Macchiarulo*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

LAVINE, J. The petitioner, Percy Mejia, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court, *Fuger, J.*, (1) abused its discretion by denying his petition for certification to appeal and (2) improperly found that future petitions for a writ of habeas corpus challenging the quality of representation the petitioner received would constitute an abuse of the writ and be subject to summary dismissal. We dismiss the appeal.

On March 12, 1991, the petitioner shot Fermon Roy Smith in the back. *State* v. *Mejia*, 233 Conn. 215, 219, 221, 658 A.2d 571 (1995). The petitioner "was convicted after a jury trial of murder in violation of General Statutes § 53a-54a, unlawful possession of a weapon in a motor vehicle in violation of General Statutes § 29-38, carrying a pistol without a permit in violation of General Statutes § 29-35, and unlawful possession of a sawed-off shotgun in violation of General Statutes § 53a-211. The trial court imposed a total effective sentence of forty-five years incarceration."[1] *State* v. *Mejia*, supra, 216–18. In his direct appeal, in which he was represented by attorney Neal Cone, the petitioner claimed, among other things, that "his conviction for murder was based on insufficient evidence, or was against the weight of the evidence . . . ." Id., 219. Our Supreme Court affirmed the conviction. Id., 243.

In 1996, the petitioner filed a petition for a writ of habeas corpus, alleging that his trial counsel, assistant public defender Susan Brown, had rendered ineffective assistance. Attorney David B. Rozwaski represented the petitioner in that proceeding. The petitioner alleged that he told Brown that "the shooting was an accident. He also told her that he suffered from diabetes and that this condition may have contributed to his actions. After having the petitioner examined by an endocrinologist, Brown determined that the petitioner's medical condition would not provide the basis for a defense. When

---

[1] The petitioner thereafter filed a petition for sentence review. The sentence review division of the Superior Court affirmed the sentence, stating: "In reviewing the sentence imposed by the court, we find that it was way below the maximum that could be given by the court. When considering the violence of the act of murder and taking into consideration the criminal history of the petitioner, we find . . . the sentence imposed not to be disproportionate and appropriate when compared with the mandates of Practice Book § 942 [now § 43-28]." *State* v. *Mejia*, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CR-91-83124 (November 26, 1996).

Brown informed the petitioner that his diabetes would not constitute a defense, he sought to have her dismissed as his attorney. When his motion was denied, he stopped cooperating with her in the defense of his case. Brown then filed a motion to have the petitioner examined for competency, which was granted. The petitioner was found to be incompetent and was institutionalized for approximately three months. Following a second hearing to determine the petitioner's competency, the petitioner was found to be competent to understand the nature of the charges and to aid in his defense." *Mejia* v. *Commissioner of Correction*, 48 Conn. App. 230, 232, 716 A.2d 894, cert. denied, 245 Conn. 902, 719 A.2d 1163 (1998). The habeas court, *W. Sullivan, J.,* found that the petitioner had failed to demonstrate that Brown's representation was deficient or prejudicial to the petitioner and therefore dismissed the petition for a writ of habeas corpus.[2] Id., 231–32.

In affirming the judgment of the first habeas court, this court stated that "[a]t no time during the habeas hearing did the petitioner show that there was anything [Brown] could have done to obtain a different result. The petitioner failed even to suggest what evidence could or should have been offered in support of a defense of insulin shock. Moreover, the petitioner presented no evidence during the habeas hearing to show that his diabetes or his medications were in any way a factor in the murder." Id., 233.[3]

---

[2] See *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) (articulating two-pronged test applicable to claims of ineffective trial counsel).

[3] Although Brown did not represent the petitioner at his sentencing hearing, the petitioner alleged that Brown provided ineffective assistance by failing to provide relevant and vital information to substitute counsel. After the petitioner was convicted, he stopped cooperating with Brown and filed a grievance against her. Substitute counsel, Kenneth W. Simon, was then appointed to represent the petitioner. *Mejia* v. *Commissioner of Correction*, supra, 48 Conn. App. 233. The habeas court's judgment that Brown did not provide ineffective assistance of counsel was affirmed by this court. Id.

The petitioner, represented by attorney Patrice A. Cohan, filed a second petition for a writ of habeas corpus in 1997. *Mejia* v. *Commissioner of Correction*, Superior Court, judicial district of Hartford, Docket No. CV-97-0568110-S (May 12, 1999). The respondent, the commissioner of correction, filed a motion to dismiss the second petition, alleging that the second petition was a successive petition and constituted an abuse of the writ. Prior to the hearing on the motion to dismiss, the petitioner withdrew the petition.

On November 29, 2001, the petitioner, acting pro se, filed a third petition for a writ of habeas corpus. *Mejia* v. *Commissioner of Correction*, 98 Conn. App. 180, 184, 908 A.2d 581 (2006). Attorney Shawn L. Council, who was appointed to represent the petitioner, filed an amended petition on behalf of the petitioner. In the amended petition, the petitioner alleged that he received ineffective assistance from Brown, from Kenneth Simon, who had been substituted as trial counsel, and from Cone, Rozwaski and Cohan. The respondent responded to the third petition claiming that the second, third and fourth counts should be dismissed due to the petitioner's having withdrawn his second petition for a writ of habeas corpus. Id., 185. After hearing the arguments of the parties, the court, *White, J.*, dismissed "all of the petitioner's claims. With respect to the claims against Brown and Simon, the court concluded that these either were, or could have been, raised in his prior petitions, and therefore constituted an abuse of the writ. Regarding the claims made against the other attorneys who had represented the petitioner at various proceedings, the court determined that the failure to establish that Brown and Simon were ineffective foreclosed the claims against subsequent counsel." Id. The petitioner filed an appeal following the court's denial of his petition for certification to appeal. Id.

On appeal, this court concluded that Judge White properly "concluded that the petitioner's claims relating to the insulin shock defense had been litigated previously and constituted an abuse of the writ and were res judicata. [Judge White] further determined that with respect to the noninsulin shock claims of ineffective assistance against Brown and Simon, the petitioner failed to meet the cause and prejudice test as a threshold to review of these claims."[4] Id., 187. This court also concluded that the claim as to Cohan was properly dismissed. Id., 198. With regard to the claims against Cone and Rozwaski, this court concluded that those claims were newly alleged and that the petitioner was entitled to a hearing with respect to them. Id., 191, 193. The claims pertaining to Cone and Rozwaski were remanded for further proceedings. Id., 198.

On remand, following a hearing, Judge Fuger rendered an oral decision. With respect to the allegations that Rozwaski's representation of the petitioner in the first petition for a writ of habeas corpus was deficient for failing to inform the sentencing court, *Freed, J.,* that the petitioner was taking the medication Tegretol, Judge Fuger concluded that "assuming that the failure to adequately advise and specifically advise Judge Freed that the petitioner was taking Tegretol is some sort of deficient performance, there was no evidence before this court as to what effect, if any, the ingestion of this medication might produce. It is the petitioner's burden to demonstrate that there is a reasonable probability that the result would have been different . . . ."[5] The

---

[4] See *Cobham* v. *Commissioner of Correction,* 258 Conn. 30, 40, 779 A.2d 80 (2001) (petitioner must satisfy cause and prejudice standard to overcome claim of procedural bypass).

[5] Moreover, Judge Fuger found that "[g]iven that the petitioner was facing a potential seventy-five years in prison for what can only be characterized as a cold-blooded murder, the fact that Judge Freed sentenced him to only forty-five years is a tribute to the advocacy of attorney Simon's representation. Any assumption that there might have been an effect of advising Judge Freed as to the petitioner's being on Tegretol would be pure speculation. This court, therefore, sees nothing wrong with the performance of attorney

petitioner therefore could not prevail on his claims against Rozwaski under *Strickland* v. *Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

The allegations of ineffective assistance of counsel against Cone were premised on a footnote in the petitioner's direct appeal. On direct appeal, the petitioner claimed, in part, that "there was insufficient evidence to support his conviction of murder or, *in the alternative,* that the conviction of murder was against the weight of the evidence." (Emphasis added.) *State* v. *Mejia,* supra, 233 Conn. 222–23. Our Supreme Court noted: "We do not address the [petitioner's] claim that the conviction was against the weight of the evidence because this claim is not briefed adequately for appellate review." Id., 223 n.13. Judge Fuger found that assuming that the footnote "is evidence of deficient performance, there is no evidence before this court that can possibly lead to a finding of prejudice. Indeed, all the available evidence in this habeas case clearly and conclusively points to guilt on the part of the petitioner. Therefore, far from being a conviction against the weight of the evidence, it would appear that the conviction is solidly and totally supported by the evidence, leading to the conclusion that even had the issue been adequately briefed, it would have been to no avail; hence, no prejudice to the petitioner."[6]

The habeas court denied the petition for certification to appeal, and the petitioner appealed to this court.

I

The petitioner's first claim is that the habeas court abused its discretion by denying his petition for certifi-

Simon. Consequently, the decision by attorney Rozwaski not to pursue a claim of ineffective assistance of counsel against attorney Simon is sound legal strategy and hardly any evidence of being ineffective."

[6] We also note that our Supreme Court did not agree with the petitioner's constitutional claim that he was convicted on the basis of insufficient evidence. See *State* v. *Mejia,* supra, 233 Conn. 222–25.

cation to appeal from the denial of his third petition for a writ of habeas corpus. We disagree.

"Faced with the habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the [denial] of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must prove that the decision of the habeas court should be reversed on the merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Wright* v. *Commissioner of Correction*, 111 Conn. App. 179, 181–82, 958 A.2d 225 (2008), cert. denied, 290 Conn. 904, 962 A.2d 796 (2009).

"In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Griffin* v. *Commissioner of Correction*, 97 Conn. App. 200, 202, 903 A.2d 273, cert. denied, 280 Conn. 922, 908 A.2d 543 (2006). To prevail on a claim of ineffective assistance of counsel, the petitioner must satisfy both prongs of the test established in

*Strickland* v. *Washington*, supra, 466 U.S. 668. "The first prong is satisfied by proving that counsel made errors so serious that he was not functioning as the counsel guaranteed by the sixth amendment. The second prong is satisfied if it is demonstrated that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Internal quotation marks omitted.) *Wright* v. *Commissioner of Correction*, supra, 111 Conn. App. 183.

On the basis of our review of the record, the briefs and arguments of the parties, we conclude that the habeas court did not abuse its discretion when it denied the petition for certification to appeal. We agree with the court that assuming, without deciding, that Cone and Rozwaski rendered ineffective assistance, the petitioner failed to demonstrate that he was prejudiced thereby and how the outcome would have been different, save for counsels' deficient performance. The petitioner failed to show how his ingesting Tegretol affected him or how providing that information to Judge Freed at the time of sentencing would have resulted in a different outcome. The petitioner also has failed to demonstrate how Cone's failure to brief adequately the claim that the petitioner's conviction was against the weight of the evidence would have produced a different outcome on direct appeal. See footnote 5. The petitioner, therefore, has failed to demonstrate that the denial of his petition for certification to appeal is debatable among jurists of reason or that a court could resolve his claims in a different manner.

II

The petitioner's second claim is that the habeas court's finding that "any further habeas petitions seek-

ing to challenge the quality of representation received by the petitioner in this matter will constitute an abuse of the writ and be subject to summary dismissal" was plain error and not in compliance with General Statutes § 52-470 (a). The respondent has addressed this claim by arguing that "[a]lthough the court's comments appear, at first blush, to constitute a ruling, they actually are dicta with cautionary value to the petitioner only." We agree with the respondent that the court's comments did not constitute a ruling.

A court will not resolve a claimed controversy on the merits unless it is satisfied that the controversy is justiciable. See *State* v. *Nardini*, 187 Conn. 109, 111–12, 445 A.2d 304 (1982). "Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant." (Internal quotation marks omitted.) *Seymour* v. *Region One Board of Education*, 261 Conn. 475, 481, 803 A.2d 318 (2002). Justiciability consists of standing, ripeness and mootness. See *Esposito* v. *Specyalski*, 268 Conn. 336, 346–47, 844 A.2d 211 (2004).

An issue is not ripe if it presents a hypothetical injury or a claim that is contingent on the happening of some event that has not, and indeed, may not, transpire. *Milford Power Co., LLC* v. *Alstom Power, Inc.*, 263 Conn. 616, 626, 822 A.2d 196 (2003). The claim raised by the petitioner is contingent on his filing a petition for a writ of habeas corpus in the future. The court's comments as to any future petition for a writ of habeas corpus the petitioner may file have no bearing on the denial of the petitioner's third petition for a writ of habeas corpus, which is the underlying basis for the current

appeal. The claim, therefore, is not ripe, and we may not adjudicate it.

The appeal is dismissed.

In this opinion the other judges concurred.