JOHN KEARNEY *v.* COMMISSIONER OF CORRECTION
(AC 20878)

Dranginis, Flynn and O'Connell, Js.

Submitted on briefs November 1—officially released December 4, 2001

*William A. Snider*, special public defender, filed a brief for the appellant (petitioner).

*Michael Dearington*, state's attorney, *Melissa L. Streeto*, special deputy assistant state's attorney, and *Jo Anne Sulik*, assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner appeals from the judgment of the habeas court dismissing his second amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court improperly determined that he was not deprived of the effective assistance of counsel. We affirm the judgment of the habeas court.

The petitioner pleaded guilty under the *Alford* doctrine[1] to murder in violation of General Statutes § 53a-54a. The court sentenced the petitioner in accordance with the plea agreement to a term of forty-two years in the custody of the commissioner of correction, execution suspended after thirty years and five years probation. The habeas court dismissed the petitioner's second amended petition for a writ of habeas corpus. The court thereafter granted the petition for certification to appeal, and this appeal followed.

The petitioner claims that trial counsel's failure to conduct an adequate investigation into potential mental defect defenses, to understand the elements of an extreme emotional disturbance defense and to explain potential defenses such as extreme emotional disturbance and intoxication during his discussions with the petitioner regarding his plea caused his representation to be ineffective and prejudiced the petitioner.

"Our standard of review in a habeas corpus proceeding challenging the effective assistance of trial counsel is well settled. Although a habeas court's findings of fact are reviewed under the clearly erroneous standard

---

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). "A defendant who pleads guilty under the *Alford* doctrine does not admit guilt but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea." (Internal quotation marks omitted.) *State* v. *Webb*, 62 Conn. App. 805, 807 n.1, 772 A.2d 690 (2001).

of review . . . [w]hether the representation a defendant received at trial was constitutionally inadequate is a mixed question of law and fact. . . . As such, that question requires plenary review by this court unfettered by the clearly erroneous standard." (Citation omitted; internal quotation marks omitted.) *Milner* v. *Commissioner of Correction*, 63 Conn. App. 726, 737–38, 779 A.2d 156 (2001).

"[T]o prevail on a constitutional claim of ineffective assistance of counsel, [the petitioner] must establish both (1) deficient performance, and (2) actual prejudice. . . . To prove that his counsel's performance was deficient, the petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness. . . . Furthermore, the petitioner must establish not only that his counsel's performance was deficient, but that as a result thereof he suffered actual prejudice, namely, that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Citations omitted; internal quotation marks omitted.) Id., 738.

In its memorandum of decision, the habeas court stated: "The court is persuaded that trial counsel did discuss [the defense of extreme emotional disturbance] with the petitioner and did give petitioner his opinion that in the circumstances of petitioner's case, it was not a viable defense. . . . The court finds that the petitioner has failed to establish, by a fair preponderance of the evidence, any of his claims that trial counsel rendered ineffective assistance in the course of his representation of the petitioner [and has] failed to establish a reasonable likelihood that . . . but for the deficient performance of trial counsel it was reasonably likely that the outcome would have been more favorable to the petitioner."

On the basis of our review of the record, we conclude that the habeas court properly determined that the petitioner failed to satisfy his burden of establishing that he was denied the effective assistance of counsel.

The judgment is affirmed.

