JOHN KEARNEY *v.* COMMISSIONER OF
CORRECTION
(AC 29766)

Flynn, C. J., and Bishop and Lavery, Js.

---

Argued September 18, 2008—officially released March 17, 2009

*Todd A. Bussert*, special public defender, for the appellant (petitioner).

*Margaret Gaffney Radionovas*, senior assistant state's attorney, with whom, on the brief, were *Kevin T. Kane*, chief state's attorney, and *Yamini Menon*, former deputy assistant state's attorney, for the appellee (respondent).

*Opinion*

BISHOP, J. The petitioner, John Kearney, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court dismissing counts one and two of his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court abused its discretion in denying certification to appeal and that the court (1) improperly denied the petitioner's right to present "new" allegations of ineffective assistance of trial counsel and (2) improperly dismissed the petitioner's claim of ineffective assistance of habeas counsel. We reverse the judgment of the habeas court in part.

The following factual and procedural background is relevant to our resolution of the petitioner's appeal. On December 19, 1995, the petitioner pleaded guilty under the *Alford* doctrine[1] to the murder of his wife in violation of General Statutes § 53a-54a (a).[2] On January 31, 1996,

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). "A defendant who pleads guilty under the *Alford* doctrine does not admit guilt but acknowledges that the state's evidence against him is *so strong that he is prepared to accept the entry of a guilty plea.*" (Internal quotation marks omitted.) *State* v. *Webb*, 62 Conn. App. 805, 807 n.1, 772 A.2d 690 (2001).

[2] General Statutes § 53a-54a (a) provides in relevant part: "A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person . . . except that in any prosecution under this subsection, it shall be an affirmative defense that the defendant committed the proscribed act or acts under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse, the reasonableness of which is to be determined from the viewpoint of a person in the defendant's situation under the circumstances as the defendant

the court sentenced the petitioner to a term of forty-two years in the custody of the commissioner of correction, execution suspended after thirty years and five years probation. The petitioner did not file a direct appeal from the judgment of conviction.

On November 13, 1997, the petitioner filed a pro se petition for a writ of habeas corpus. Subsequently, on December 30, 1999, the petitioner's habeas counsel filed an amended petition for a writ of habeas corpus. In the amended petition, the petitioner alleged (1) ineffective assistance of trial counsel and (2) that the petitioner's plea was not knowing, intelligent and voluntary. By memorandum of decision dated April 20, 2000, the habeas court dismissed the petitioner's amended petition for a writ of habeas corpus.[3] The court thereafter granted the petition for certification to appeal. On June 5, 2000, the petitioner appealed from the judgment of the habeas court, and, on December 4, 2001, this court affirmed the judgment. See *Kearney* v. *Commissioner of Correction*, 67 Conn. App. 232, 786 A.2d 1180 (2001).

On October 21, 2005, the petitioner filed this second petition for a writ of habeas corpus.[4] In count one of the petition, the petitioner again alleged ineffective

believed them to be, provided nothing contained in this subsection shall constitute a defense to a prosecution for, or preclude a conviction of, manslaughter in the first degree or any other crime."

[3] In its memorandum of decision, the habeas court stated: "The court is persuaded that trial counsel did discuss [the defense of extreme emotional disturbance] with the petitioner and did give [the] petitioner his opinion that in the circumstances of [the] petitioner's case, it was not a viable defense. . . . The court finds that the petitioner has failed to establish, by a fair preponderance of the evidence, any of his claims that trial counsel rendered ineffective assistance in the course of his representation of the petitioner [and has] failed to establish a reasonable likelihood that . . . but for the deficient performance of trial counsel, it was reasonably likely that the outcome would have been more favorable to the petitioner."

[4] On or about May 24, 2000, the petitioner filed a pro se petition for a writ of habeas corpus, docket number CV-00-0439113-S. The petitioner's counsel subsequently filed an amended petition on October 21, 2005.

assistance of trial counsel, and, in count two, ineffective assistance of habeas counsel.[5] On January 6, 2006, the respondent, the commissioner of correction, filed a motion to dismiss count one of the second petition pursuant to Practice Book § 23-29 (3) as a successive petition and an abuse of the writ.[6] The respondent also claimed that the petitioner was barred from relitigating the claims set forth in count one due to the doctrines of res judicata and collateral estoppel. On May 2, 2006, the habeas court held a hearing regarding the respondent's motion to dismiss count one of the petitioner's second petition. By memorandum of decision filed May 16, 2006, the habeas court dismissed count one of the petition on the ground of res judicata. The court also, sua sponte, dismissed count two of the petition on the same ground.

Subsequently, on September 22, 2006, the petitioner filed a petition for certification to appeal, which the habeas court denied on September 26, 2006. This appeal followed. Additional facts will be set forth as necessary.

On appeal, the petitioner challenges the denial of his petition for certification to appeal as well as the judgment dismissing his petition for a writ of habeas corpus. We conclude that the court did not abuse its discretion in denying certification to appeal from the judgment regarding count one, ineffective assistance of trial counsel, but that the court did abuse its discretion in denying certification to appeal from the dismissal of

---

[5] The second petition for a writ of habeas corpus also included: count three, ineffective assistance of appellate counsel. On December 14, 2006, the petitioner withdrew this claim.

[6] Practice Book § 23-29 provides in relevant part: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . .

"(3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or proffer new evidence not reasonably available at the time of the prior petition . . . ."

count two regarding the effectiveness of habeas counsel.

The standard of review and legal principles that guide our resolution of the petitioner's appeal are clear. "Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on the merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . .

"We examine the petitioner's underlying claim[s] of ineffective assistance of counsel in order to determine whether the habeas court abused its discretion in denying the petition for certification to appeal. Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . .

"In *Strickland* v. *Washington*, [466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)], the United States

Supreme Court established that for a petitioner to prevail on a claim of ineffective assistance of counsel, he must show that counsel's assistance was so defective as to require reversal of [the] conviction . . . . That requires the petitioner to show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable. . . . Because both prongs . . . must be established for a habeas petitioner to prevail, a court may dismiss a petitioner's claim if he fails to meet either prong. . . . Accordingly, a court need not determine the deficiency of counsel's performance if consideration of the prejudice prong will be dispositive of the ineffectiveness claim." (Citations omitted; internal quotation marks omitted.) *J.R.* v. *Commissioner of Correction*, 105 Conn. App. 827, 830–32, 941 A.2d 348, cert. denied, 286 Conn. 915, 945 A.2d 976 (2008). Having set forth the applicable legal principles, we now address the petitioner's claims in turn.

I

The petitioner first claims that the court improperly dismissed his claim of ineffective assistance of trial counsel because his habeas petition raised new allegations not subject to the respondent's claim of res judicata. The habeas court found that the petition was barred by the doctrine of res judicata because judgment previously had been rendered on the same legal claim. Relying on *Gagne* v. *Norton*, 189 Conn. 29, 453 A.2d 1162 (1983), the habeas court further concluded that even if the court adopted the petitioner's argument that the two petitions contained different factual allegations, the former judgment served as an absolute bar to claims that might have been made. "[A] final judgment on the merits is conclusive on the parties in an action and

their privies as to the cause of action involved. If the same cause of action is again sued on, the judgment is conclusive with respect to any claims relating to the cause of action *which were actually made or might have been made.*" (Emphasis added; internal quotation marks omitted.) Id., 32. We conclude that the habeas court properly dismissed the claim alleging ineffective assistance by trial counsel because the claim was based on the same legal ground as was in the initial petition, and the petitioner has made no claim that the additional factual allegations contained in the present petition in support of his claim of ineffective assistance of trial counsel represent new facts not reasonably available to him at the time of his initial petition.

The following additional facts aid our discussion. The allegations underlying the petitioner's ineffective assistance of trial counsel claim in the petition at issue are substantially the same as those raised in his prior petition, which also alleged the ineffective assistance of his trial counsel.[7] Paragraphs 17, 18, 19, 20, 23, 24 and

[7] The allegations of ineffective assistance of counsel in the first count of the first petition were:

"12. Defense counsel did not conduct sufficient investigation into [the] [p]etitioner's case, particularly [the] [p]etitioner's competency to stand trial and potential affirmative defenses available to [the] [p]etitioner; specifically intoxication and/or extreme emotional disturbance.

"13. Defense counsel did not conduct sufficient investigation into witnesses available to support potential defenses.

"14. Defense counsel did not adequately consult with or advise [the] [p]etitioner concerning what evidence the state would likely rely upon to support the charge.

"15. Defense counsel did not adequately advise [the] [p]etitioner concerning the elements of potential affirmative defenses available to [the] [p]etitioner.

"16. Defense counsel failed to seek any determination as to [the] [p]etitioner's competency to stand trial.

"17. Defense counsel did not adequately consult with or advise [the] [p]etitioner concerning the status of plea negotiations, the plea agreement described above or the consequences of accepting the plea agreement.

"18. Defense counsel, by the manner and timing with which he consulted [the] [p]etitioner regarding the case, exercised undue influence on [the] [p]etitioner's decision with respect to whether to accept the plea agreement

26 of count one of the second petition practically mirror paragraphs 12, 13, 14, 15, 17, 18, 19, and 20 of count one of the first petition. The new allegations in the present petition regarding the effectiveness of trial counsel are set forth in paragraphs 21, 22, 25, and 27 of count one of the petition.[8] Nowhere in the petition

or assert his right to trial, thereby depriving [the] [p]etitioner of his right to trial.

"19. Defense counsel failed to protect [the] [p]etitioner's right to seek review of the sentence imposed.

"20. That as a result of defense counsel's failure to take appropriate action [the] [p]etitioner's rights with respect to sentence review are now time barred.

"21. That [the] [p]etitioner did not waive or otherwise deliberately bypass his right to sentence review."

The repeated allegations of ineffective assistance of counsel in the first count of the second petition were:

"17. Trial counsel did not conduct sufficient investigation into [the] [p]etitioner's case, particularly any potential affirmative defenses available to [the] [p]etitioner.

"18. Trial counsel did not conduct sufficient investigation into witnesses available to support [the] [p]etitioner's potential defenses.

"19. Trial counsel did not adequately advise [the] [p]etitioner concerning the elements of potential affirmative defenses available to [the] [p]etitioner.

"20. Trial counsel did not adequately advise [the] [p]etitioner concerning the evidence the state would likely rely upon to support the charges. . . .

"23. Trial counsel did not adequately consult with or advise [the] [p]etitioner concerning the status of any plea negotiations, any potential plea agreements or the consequences of accepting a plea agreement as opposed to the consequences of going to trial before a jury.

"24. Trial counsel, by the manner and timing with which he consulted [the] [p]etitioner regarding the case, exercised undue influence on [the] [p]etitioner's decision with respect to whether to go to trial or accept any potential plea offers. . . .

"26. Trial counsel failed to ensure that [the] [p]etitioner received his right to a [s]entence [r]eview."

[8] Those allegations are as follows:

"21. Trial counsel failed to adequately advise [the] [p]etitioner of the elements of a [p]robable [c]ause [h]earing.

"22. Trial counsel failed to adequately advise [the] [p]etitioner of the consequences of waiving a [p]robable [c]ause hearing as opposed to going forward with said hearing. . . .

"25. Trial counsel failed to protect [the] [p]etitioner's due process rights under the [s]tate and [f]ederal [c]onstitutions by failing to object to a plea and canvass which was neither knowing, voluntary nor intelligent. . . .

does the petitioner aver that these newly alleged facts were not known by him, or not reasonably available to him, when he filed his first habeas petition.

Additionally, the relief that the petitioner requested in both petitions is substantially the same. In the first petition, the petitioner requested the withdrawal of his plea, restoration of the criminal case to the Superior Court docket for further proceedings and restoration of the right to sentence review. In the second petition, the petitioner requested the same relief and that he be released from custody.

The petitioner argues that the habeas court improperly dismissed the first count of the petition at issue because that count "contains allegations of ineffective assistance of criminal trial counsel absent from the petition heard in the first habeas case." The petitioner appears to believe that the mere assertion of new factual allegations in a second petition in support of the same claim of ineffective assistance of trial counsel raised in an earlier petition is adequate to elude dismissal of the latter petition. Moreover, the petitioner contends that these claims do not constitute either the "same ground" or grounds that were "previously denied" within the narrow meaning of Practice Book § 23-29 (3).

In turn, the respondent argues that the doctrine of res judicata, or claim preclusion, bars relitigation of the petitioner's ineffective assistance of trial counsel claim and that even if res judicata does not apply, the habeas court's dismissal of the "new" ineffective claims is sustainable on two alternate grounds: (1) the differing factual allegations pleaded in support of the claim of ineffective assistance of trial counsel in the second habeas petition constitute the same legal "ground" as the claim raised in the prior petition and therefore were

"27. Trial counsel failed to adequately preserve and protect the record for appeal."

dismissed properly pursuant to Practice Book § 23-29 (3); and (2) the "new" allegations in count one constituted an abuse of the writ because the petitioner could have raised them in his first habeas proceeding, and, therefore, they were dismissed properly. Because the petitioner asserted a claim that previously had been adjudicated fully on its merits and has made no showing that the new factual allegations contained in the petition at issue were not available to him when he filed his first petition, we agree with the habeas court that this claim was barred by the doctrine of res judicata. The court, therefore, properly dismissed the claim pursuant to Practice Book § 23-29 (3).

We first analyze the application of the doctrine of res judicata in the habeas context. "The doctrine of res judicata provides that a former judgment serves as an absolute bar to a subsequent action involving any claims relating to such cause of action which were actually made or which might have been made. . . . The doctrine . . . applies to criminal as well as civil proceedings and to state habeas corpus proceedings. . . . However, [u]nique policy considerations must be taken into account in applying the doctrine of res judicata to a constitutional claim raised by a habeas petitioner. . . . Specifically, in the habeas context, in the interest of ensuring that no one is deprived of liberty in violation of his or her constitutional rights . . . the application of the doctrine of res judicata . . . [is limited] to claims that actually have been raised and litigated in an earlier proceeding." (Citations omitted; internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, 288 Conn. 53, 66–67, 951 A.2d 520 (2008).

Thus, a habeas petition may be vulnerable to dismissal by reason of claim preclusion only if it is premised on the same ground actually litigated in a previously dismissed habeas petition. We recognize, therefore, that the application of the doctrine of claim

preclusion to a habeas petition is narrower than in a general civil context because of the nature of the Great Writ.

A narrowing of the application of the doctrine of res judicata to habeas proceedings is encapsulated in Practice Book § 23-29, which states: "The judicial authority, may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . . (3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or proffer new evidence not reasonably available at the time of the prior petition . . . ."

Interpreting the interplay between Practice Book § 23-29 and the doctrine of res judicata, our Supreme Court has noted that "[i]n our case law, we have recognized only one situation in which a court is not legally required to hear a habeas petition. In *Negron* v. *Warden*, [180 Conn. 153, 158, 429 A.2d 841 (1980)], we observed that pursuant to Practice Book § 531 [now § 23-29], [i]f a previous application brought on the same grounds was denied, the pending application may be dismissed without hearing, *unless it states new facts or proffers new evidence not reasonably available at the previous hearing.* We emphasized the narrowness of our construction of Practice Book [§ 23-29] by holding that dismissal of a second habeas petition without an evidentiary hearing is improper if the petitioner either raises new claims or offers new facts or evidence. . . . *Negron* therefore strengthens the presumption that, absent an explicit exception, an evidentiary hearing is always required before a habeas petition may be dismissed." (Emphasis added; internal quotation marks omitted.) *Mejia* v. *Commissioner of Correction*, 98 Conn. App. 180, 188–89, 192, 908 A.2d 581 (2006), appeal dismissed after remand, 112 Conn. App. 137, 962 A.2d 148 (2009).

In sum, the doctrine of res judicata in the habeas context must be read in conjunction with Practice Book § 23-29 (3), which narrows its application.[9] Following this analytical pathway, a second petition alleging the same ground as a previously denied petition will elude dismissal if it alleges grounds not actually litigated in the earlier petition and if it alleges new facts or proffers new evidence not reasonably available at the time of the earlier petition. "In this context, a ground has been defined as sufficient legal basis for granting the relief sought." (Internal quotation marks omitted.) *Carter* v. *Commissioner of Correction*, 109 Conn. App. 300, 306, 950 A.2d 619 (2008). The case at hand parallels this court's opinion in *McClendon* v. *Commissioner of Correction*, 93 Conn. App. 228, 888 A.2d 183, cert. denied, 277 Conn. 917, 895 A.2d 789 (2006), in which we stated: "[W]here successive petitions are premised on the same legal grounds and seek the same relief, the second petition will not survive a motion to dismiss unless the petition is supported by allegations and facts not reasonably available to the petitioner at the time of the original petition." Id., 231. In *McClendon*, as in this appeal, the petitioner had filed an earlier petition on the same grounds as his subsequent petition. In *McClendon*, as in this case, the petitioner did not claim in his petition, or make an offer of proof in opposition to the respondent's motion to dismiss, that the new facts that he alleged in the second petition were not reasonably available to him at the time of the prior petition. We therefore concluded that the habeas court properly dismissed the petition.

Accordingly, in the present case, we conclude that the habeas court properly determined that the judgment

[9] See *Carter* v. *Commissioner of Correction*, 109 Conn. App. 300, 304 n.5, 950 A.2d 619 (2008), in which this court observed: " 'Res judicata' in the context of habeas corpus actions has a more narrow scope than in most contexts. It is clear that the habeas court in this case applied the more narrow standard, as expressed in Practice Book § 23-29 (3)."

rendered by the first habeas court was a judgment on the merits on the issue of ineffective assistance of the petitioner's trial counsel. We further conclude that the habeas court properly found that the petitioner had an opportunity to litigate fully the effectiveness of his trial counsel in his first habeas proceeding. See *Brown* v. *Commissioner of Correction,* 44 Conn. App. 746, 751, 692 A.2d 1285 (1997) (rejecting petitioner's claim of ineffective assistance of counsel as barred under doctrine of res judicata where petitioner raised additional ineffective assistance claims that could have been raised in first proceeding).

As noted, the petitioner failed to allege that the "new" facts in the second petition were "not reasonably available at the time of the prior petition . . . ." Practice Book § 23-29 (3). The allegations contained in the petitioner's second habeas petition claiming ineffective assistance of trial counsel constituted the same legal ground as those found in the first habeas petition and simply were expressed in different language. The petitioner reasserted the legal claim in the petition at issue that he had raised in the prior petition, changing only the factual basis of his claim. These "new" allegations could have and should have been raised in his first petition. See *Mejia* v. *Commissioner of Correction,* supra, 98 Conn. App. 189.

Because the petitioner asserted a claim that previously had been adjudicated fully on its merits, we agree with the habeas court that this claim was barred by the doctrine of res judicata. Moreover, the petitioner's contention that the claim raised in the first count of the petition at issue constituted a different legal ground from that raised in the first count of the prior petition is without merit; both petitions presented a claim of ineffective assistance of trial counsel and sought the same relief. As such, this issue is nondebatable among jurists of reason, unresolvable in a manner

different from that in which it had been resolved and inadequate to deserve encouragement to proceed further. See *Vines* v. *Commissioner of Correction*, 94 Conn. App. 288, 294, 892 A.2d 312, cert. denied, 278 Conn. 922, 901 A.2d 1222 (2006). In sum, we conclude that the petitioner has failed to demonstrate that the habeas court abused its discretion in denying certification to appeal as to this claim of ineffective assistance of trial counsel. The court properly dismissed the first count of the habeas petition.

## II

The petitioner next claims that the court improperly dismissed his claim of ineffective assistance of his habeas counsel as set forth in the second count of this second habeas petition. We agree and conclude that the court abused its discretion by denying the petition for certification to appeal from the judgment dismissing the petition for a writ of habeas corpus.

The following additional facts relate to our discussion of the petitioner's claim. Count two of the petition claimed, inter alia, that the petitioner's habeas counsel failed (1) to conduct sufficient investigation into any potential affirmative defenses available to the petitioner, (2) to conduct sufficient investigation into witnesses available to support the petitioner's potential defenses and how trial counsel did not investigate those defenses, (3) to provide expert testimony to support habeas corpus issues, (4) to satisfy his burden of proof at trial regarding the issue of trial counsel exerting undue influence over the petitioner regarding the petitioner's decision to plead, (5) to satisfy his burden of proof at trial regarding the issue of violation of the petitioner's right to due process and (6) to preserve adequately the record for appeal.

The habeas court concluded that because the claim against trial counsel was foreclosed, the petitioner

would be unable to show prejudice even if habeas counsel had been ineffective. The court explained: "The second count attempts to ascribe to habeas counsel all of the alleged misdeeds of trial counsel. These allegations were made in the first petition and were addressed by the court. In that proceeding, the trial court's decision was that the petitioner had not established that trial counsel was ineffective nor that but for his performance the outcome would have been more favorable. That decision was affirmed on appeal. . . . The second count is therefore dismissed." (Citation omitted.)

On appeal, the respondent concedes that the petitioner is entitled to an evidentiary hearing with respect to his claim of ineffective assistance of habeas counsel, and we agree. Because the petitioner's claim that his habeas counsel was ineffective was brought for the first time in the petition at issue, it is not subject to dismissal by application of Practice Book § 23-29 (3). Simply put, this new claim is not barred by res judicata. See *Mejia* v. *Commissioner of Correction*, supra, 98 Conn. App. 192 (finding claim against prior habeas counsel constituted new ground or legal basis for relief).

The respondent correctly notes that in *Lozada* v. *Warden*, 223 Conn. 834, 613 A.2d 818 (1992), our Supreme Court concluded that this court properly reversed the habeas court's dismissal of a claim of ineffective assistance of habeas counsel and remanded the case for a hearing on that claim. Id., 837–38. In *Lozada*, the principal issue before our Supreme Court was whether a petitioner could seek a writ of habeas corpus on the ground that his habeas counsel had rendered ineffective assistance. The court first determined that a petitioner is entitled to competent habeas counsel. Id., 838–39. The court then stated: "To succeed in his bid for a writ of habeas corpus, the petitioner must prove both (1) that his appointed habeas counsel was

ineffective, and (2) that his trial counsel was ineffective. . . . Only if the petitioner succeeds in what he admits is a herculean task will he receive a new trial. This new trial would go to the heart of the underlying conviction to no lesser extent than if it were a challenge predicated on ineffective assistance of trial or appellate counsel. The second habeas petition is inextricably interwoven with the merits of the original judgment by challenging the very fabric of the conviction that led to the confinement." (Citations omitted.) Id., 842–43. Finally, the court concluded that "[t]he claim of ineffective assistance of habeas counsel, when added to the claim of ineffective assistance of trial counsel, results in a different issue." Id., 844. The teaching of *Lozada* is that a habeas petitioner is entitled to make a claim that he or she was deprived of effective habeas counsel in a prior petition, and the petitioner is entitled to advance this claim in an evidentiary proceeding. Regardless of the difficult burden undertaken by a habeas petitioner who claims the ineffective assistance of habeas counsel, such a claim is not subject to dismissal on the ground that an earlier habeas petition that was based on the ineffectiveness of trial counsel had been unsuccessful. See *Harris* v. *Commissioner of Correction*, 108 Conn. App. 201, 206, 947 A.2d 435, cert. denied, 288 Conn. 911, 953 A.2d 652 (2008). We conclude, therefore, that the court incorrectly dismissed the second count of the petition without giving the petitioner an opportunity to provide evidence that he was deprived of the effective assistance of habeas counsel.

The judgment is reversed only as to the claim of ineffective assistance of habeas counsel and the case is remanded for further proceedings in accordance with law. The appeal is dismissed in all other respects.

In this opinion the other judges concurred.