JOSIAH CAMPBELL *v.* COMMISSIONER
OF CORRECTION
(AC 29548)

Flynn, C. J., and Robinson and Carroll, Js.*

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

Argued January 11—officially released June 8, 2010

*Ruth Daniella Weissman*, special public defender, for the appellant (petitioner).

*Lawrence J. Tytla*, supervisory assistant state's attorney, with whom, on the brief, was *Michael L. Regan*, state's attorney, for the appellee (respondent).

*Opinion*

CARROLL, J. The petitioner, Josiah Campbell, appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus on the basis of res judicata.[1] The petitioner contends that his claims have never been litigated and that he has raised meritorious issues concerning the validity of the guilty plea he entered to the criminal charge against him. The respondent, the commissioner of correction, concedes that under the facts of this case, the matter should be remanded to the habeas court for an evidentiary hearing with regard to the question of res judicata. Under the unique circumstances of this case, and in light of the

---

[1] The court also denied the petitioner's petition for certification to appeal.

respondent's concession, we exercise our supervisory powers[2] and remand this matter to the habeas court for an evidentiary hearing to determine whether the principle of res judicata applies.

The following facts are relevant to the petitioner's appeal. On November 28, 2007, the petitioner, using a preprinted form, filed a petition for a writ of habeas corpus. The petitioner alleged that in August, 2002, while represented by attorney Joseph Colarusso, he pleaded guilty to the charge of sexual assault in the third degree.[3] He was sentenced on October 18, 2002. In response to the question on the preprinted form, "Have you filed any other habeas corpus petitions?" the petitioner checked, "yes," and indicated that he had done so in the trial court in New London. In response to the question on this same form, "Have you raised the issue in this petition in any of the old petitions?" the petitioner wrote, "yes." The petitioner also indicated, in part, that his attorney had "provided [him] with no knowledge of the seriousness of the penalties" and alleged that his attorney led him to believe that he was maintaining his innocence by pleading guilty under the *Alford* doctrine.

On December 17, 2007, the court, *Schuman, J.,* dismissed the petition pursuant to Practice Book § 23-29 (3).[4] The judgment of dismissal states in its entirety: "After having reviewed the above-captioned petition, the court finds the petition to be res judicata and dismisses the petition pursuant to [Practice Book] § 23-29

---

[2] See Practice Book § 60-2 (9).

[3] The plea was entered pursuant to *North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[4] Practice Book § 23-29 provides in relevant part: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . .

"(3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or to proffer new evidence not reasonably available at the time of the prior petition . . . ."

(3). See *Josiah Campbell* v. *Warden*, [CV-02-0564474-S], which was dismissed with prejudice on December 1, 2004 by Judge Joseph Purtill." On January 2, 2008, the court denied the petitioner's petition for certification to appeal. The petitioner then filed the present appeal, in which he contends that his claims have never been litigated and that he has raised meritorious issues concerning the validity of his plea. The respondent concedes that the matter should be remanded to the habeas court for a hearing to determine whether the petitioner's claims are barred by the principle of res judicata.

"The doctrine of res judicata provides that a former judgment serves as an absolute bar to a subsequent action involving any claims relating to such cause of action which were actually made or which might have been made. . . . The doctrine . . . applies to criminal as well as civil proceedings and to state habeas corpus proceedings. . . . However, [u]nique policy considerations must be taken into account in applying the doctrine of res judicata to a constitutional claim raised by a habeas petitioner. . . . Specifically, in the habeas context, in the interest of ensuring that no one is deprived of liberty in violation of his or her constitutional rights . . . the application of the doctrine of res judicata . . . [is limited] to claims that actually have been raised and litigated in an earlier proceeding." (Internal quotation marks omitted.) *Kearney* v. *Commissioner of Correction*, 113 Conn. App. 223, 233, 965 A.2d 608 (2009). "[A] second petition alleging the same ground as a previously denied petition will elude dismissal if it alleges grounds not actually litigated in the earlier petition and if it alleges new facts or proffers new evidence not reasonably available at the time of the earlier petition." Id., 235.

In the present case, the petitioner acknowledged that he had filed a prior habeas petition in New London and that it raised the same issues as those raised here. The

petition at issue in this appeal did not alert the habeas court to the circumstances surrounding the dismissal of the prior habeas petition, and the court was aware that the prior petition had been dismissed with prejudice.[5] Under these circumstances, the court reasonably concluded that the petition was barred by the principle of res judicata.

The respondent concedes, however, that it would be appropriate, in the interests of justice, to remand this matter to the habeas court for a hearing to determine whether the principle of res judicata applies.[6] In making this concession, the respondent notes that although the court reasonably concluded that the petition was barred by the principle of res judicata, the court's ruling was premised on inaccurate and incomplete information provided by the petitioner with regard to what had occurred before Judge Purtill. According to the respondent, when the first petition was set down for a hearing before Judge Purtill, the petitioner failed to appear in court, and the petition was dismissed with prejudice. Although representations were made to Judge Purtill regarding attempts that were made to confirm that the petitioner was aware of the hearing date, it was not confirmed that the petitioner received actual notice of the hearing, and, in fact, the clerk of the court acknowledged that notice had been mailed to the wrong apartment in the petitioner's building. According to the

---

[5] The petitioner did indicate in his petition, inaccurately, that he had appealed from his conviction, that he had raised the issue of "ineffective representation of my counsel" in that appeal and that the appeal was "dismissed—absence from court date."

[6] In considering the agreement by the respondent to remand the matter to the habeas court, we appreciate "the unique responsibilities of the prosecutor in our judicial system. A prosecutor is not only an officer of the court, like every other attorney, but is also a high public officer, representing the people of the [s]tate, who seek impartial justice for the guilty as much as for the innocent." (Internal quotation marks omitted.) *State* v. *King*, 289 Conn. 496, 509, 958 A.2d 731 (2008).

respondent, the record does not establish conclusively that the petitioner failed to keep the court advised of his whereabouts. Absent this finding, the respondent contends, it is not possible to determine whether the petitioner intentionally chose not to appear and to litigate his claims at the first habeas hearing or whether he did not appear because he was not informed of the hearing date. Under these unique circumstances, and in light of the concession by the respondent, we conclude that this matter should be remanded to the habeas court for the resolution of the factual issues necessary to determine whether the principle of res judicata applies. See Practice Book § 60-2 (9).

The case is remanded for further proceedings consistent with this opinion. We retain jurisdiction over this appeal.

In this opinion the other judges concurred.

---

* The listing of judges reflects their seniority status on this court as of the date of oral argument.